RICHARD CRIBBEN

*v.*

WINIFRED CRIBBEN *et al.*

*Filed at Ottawa March 30, 1891.*

| | |
|---|---|
| 136 | 609 |
| 148 | 647 |
| 136 | 609 |
| 178 | 284 |
| 136 | 609 |
| f98a | [3]115 |
| 136 | 609 |
| 195 | [3]628 |
| 195 | [3]640 |
| 136 | 609 |
| 209 | [5]436 |

1.  WILL—*renunciation—in what court to be filed.* The statute requiring the renunciation of a will to be filed in the county court of the proper county, means the court from which letters testamentary must issue, and in counties having a probate court, means in that court, its object being to inform the executor or administrator of the renunciation, so that he may settle the estate accordingly.

2.  SAME—*dower—whether barred by provision in will.* A wife, by her will, devised all her real estate to her two children, and bequeathed to them and her husband certain shares of stock and all the personal estate she might have, share and share alike, leaving nothing undisposed of : *Held,* that the bequest to her husband, in case of his failure to renounce the will within one year, was a bar to any claim of dower in his widow's real estate.

3.  In such case, the rule of law that a devise to an heir at law is void if it gives precisely the same estate that he would take by descent in the absence of any will, has no application where a wife disposes of all her property by will, giving her husband one-third of her personal estate, only. The words "any other provision," in sections 10 and 11 of the Dower act, do not mean one equal to the value of the dower estate.

4.  HOMESTEAD—PARTITION—*omission to set off the homestead—consent to a sale of the homestead.* A decree in a suit for partition found that the complainants were seized in fee of the premises as tenants in common, subject to the homestead right of their father therein, and that the latter, by his answer, had consented to its sale. It then ordered that partition be made, if that could be done, etc., or if not, the commissioners appointed should appraise the premises and report their acts to the court : *Held,* that the decree was erroneous, in not providing for the setting off of the homestead in case a partition was made.

5.  Although a party may, by his answer to a bill for partition, consent that if a sale is ordered his estate of homestead therein may be sold with the land, he may nevertheless withdraw such consent, when, from the report of the commissioners that partition can not be made without injury, etc., a sale becomes necessary. His assent to a sale of his homestead can only become effective when it is found necessary to order a sale of "the rest" of the premises.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This is a bill in chancery, for the partition of certain real estate of which one Bridget Cribben died seized. It appears from the bill that she died testate, in Cook county, July 24, 1861, owning the premises sought to be partitioned, and leaving appellant, her husband, and appellees, Winifred and Peter J. Cribben, only children, surviving her. By her will she devised to said children the premises in question, and bequeathed to them and her husband certain shares of stock, and all the household furniture, goods and chattels, rights and credits, of which she might be possessed at the time of her death, "share and share alike." This will was duly admitted to probate in the probate court of Cook county, and letters testamentary issued by that court.

The bill alleges that said Richard did not, within one year after such letters testamentary were issued, deliver or transmit to said probate court a written renunciation of the provisions made for him in said will, and that he is thereby barred of his dower in said premises. It also alleges that he has since intermarried with his co-defendant, Delia Cribben, and occupies said premises under a claim of homestead. These defendants filed a joint and several answer to the bill, admitting their occupancy of the premises, the said Richard admitting that he did not make a renunciation of said will in said probate court, but denying that any provision was made therein for him in lieu of dower, and denying that he is barred of dower as the surviving husband of said deceased. His answer concludes as follows: "Richard Cribben prays that the value of his homestead and dower may be allotted him, and prays that the same may be set off to him by commissioners, as provided by the statute, and in case that his homestead can not be set off without manifest injury to the parties in interest, he consents to have his homestead (in the sum of $1000) and his

dower appraised according to the life tables and the practice of this court, and consents to release the homestead and dower to the purchaser or purchasers at such sale, upon payment to him of the value thereof." It is signed, "Richard Cribben and Delia Cribben, by Barnum, Evans & Barnum, their solicitors."

The decree finds that by the provision made for said Richard in the will of his deceased wife, and his failure to renounce the same as provided by section 2, chapter 41, of the Revised Statutes, he is barred of dower in the real estate described in the bill, but has an estate of homestead therein. It also finds that the said Winifred and Peter J. are seized in fee, as tenants in common, each of an undivided one-half of said real estate, subject to the estate of homestead vested in the defendant, Richard Cribben. It is then ordered that partition be made; that commissioners be appointed and ordered to make partition, if the same can be done, etc., or if not, that the premises be appraised by them, and that they make report of their actings, etc., to the court. From that decree this appeal is prosecuted.

Messrs. BARNUM, EVANS & BARNUM, for the appellant:

As the bequest to appellant is of nothing but what he would take by law, it is void, and no election was necessary to preserve his dower. Coke's Litt. 12 b, note 63; 1 Blackstone's Com. 242; 4 Kent's Com. 596; *Doe* v. *Timmins*, 1 B. & A. 530; *Ellis* v. *Page*, 7 Cush. 161; 1 Powell on Devises, 414, 427; Williams on Executors, (6th Am. ed.) *1055.

The tenth and eleventh sections of the Dower act are in derogation of the common law, and should be so construed as not to change the common law more than the words of the statute necessarily imply. *Thompson* v. *Weller*, 85 Ill. 197; *Cadwallader* v. *Harris*, 76 id. 372; *Bank* v. *McCrea*, 106 id. 281.

A devise, in general terms, of the testator's real estate, affords no indication of an intention to dispose of the dower. 2 Jarman on Wills, 22.

The statute requires renunciations of wills to be filed in the county court, (*People* v. *Loomis*, 96 Ill. 377,) and the statute must be strictly pursued. Pomeroy's Eq. Jur. sec. 653; *Pringle* v. *Dunn*, 37 Wis. 449.

The decree for the sale of appellant's homestead, and directing that its value be assessed, is erroneous. Homestead act, sec. 4; *Merritt* v. *Merritt*, 97 Ill. 243.

Messrs. M. A. ROURKE & SON, for the appellee Winifred Cribben:

By failing to renounce the will, appellant must take under the will alone, and his dower is barred. Dower act, secs. 1, 10, 11, 13; *Stunz* v. *Stunz*, 131 Ill. 210; *Cowdrey* v. *Hitchcock*, 103 id. 262; *Ward* v. *Ward*, 120 id. 111.

It is a familiar principle of law, that one claiming under a will must accept its provisions as a whole, or not at all. 2 Jarman on Wills; *Woolley* v. *Schrader*, 116 Ill. 29.

As to election and estoppel, see *Gorman* v. *Dodge*, 122 Ill. 520.

As to the point that renunciations of wills must be made in the county court, see Rev. Stat. chap. 37, sec. 220; *People* v. *Loomis*, 96 Ill. 377; *Knickerbocker* v. *People*, 102 id. 218.

As to appellant's consent to a sale of his homestead, see Rev. Stat. chap. 106, sec. 32; *Merritt* v. *Merritt*, 97 Ill. 243; *Capek* v. *Kropik*, 129 id. 509; *Stunz* v. *Stunz*, 131 id. 210.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

It is insisted, first, that the court below erred in decreeing that the dower of Richard Cribben is barred by statute; and second, that the court below erred in depriving said Richard Cribben of his estate of homestead.

On the first point it is admitted that no renunciation of the will of his deceased wife was made, or attempted to be made, by appellant, but it is insisted that no such renunciation was necessary in order to preserve the dower rights of appellant.

The first point attempted to be made is, that the will "did not actually provide anything for her husband." This assertion is based upon the assumption that the will gave him precisely what he was entitled to under the Statute of Descents,—that is to say, one-third of the personalty of the testatrix,—and therefore, it is said, the statute speaks, and not the will; that the husband took by descent and not by purchase, citing the rule laid down by Kent in his Commentaries, (vol. 4, p. 596, 12th ed.) that "a devise to the heir-at-law is void if it gives precisely the same estate that the heir would take by descent if the particular devise to him was omitted out of the will. The title by descent has, in that case, precedence to the title by devise." Manifestly, that rule can give no support to the proposition here laid down, because, waiving all controversy as to whether the bequest in question is precisely the same estate Richard Cribben would have taken in his deceased wife's estate if she had died intestate, it is an admitted fact that she did dispose of her estate, both real and personal, by will, and therefore the Statute of Descents has no application, and hence her husband could take nothing by descent except by renouncing the will, as provided in sections 10 and 11 of the Dower act, and in that way, only, could he take one-third of the personal estate of his deceased wife. She could dispose of her estate as she pleased. (Statute of Wills, sec. 1.) He could only defeat her will by successfully contesting it, or by renouncing its provisions in his favor, and thereby preserve his right to dower in her real estate, and to one-third of her personal estate after the payment of her debts.

But it is again said, the words "any other provision," used in section 10, *supra,* mean a bequest "which would be a reasonable compensation for dower," citing *United States* v. *Duncan,* 4 McLean, 99. The record in this case presents no question of that kind. If we should consent to the construction contended for, there is nothing here shown to justify the conclusion that the bequest is not "such reasonable compensation." One-third

of the personalty willed to the husband, for anything shown by this record, may have been worth much more than the dower claimed.

In the argument it seems to be assumed that section 11 of the Dower act can have no effect upon the husband's right of dower, unless the will gives him at least as much of the wife's estate as he would have taken had there been no will. The statute admits of no such construction.

It is again said, that section 11 does not require a renunciation to be filed in the "probate court," but if filed at all it must be done in the "county court," and therefore complainants' bill failed to show that no renunciation had been made by appellant. It is true, the language of the statute is, "in the county court;" but it is clear that it means in the court from which letters testamentary issue, which in this case was the probate court of Cook county, which had become vested with all the probate jurisdiction formerly belonging to the county court of that county, and hence was the only court from which letters testamentary could issue. The object in requiring a renunciation to be filed is, that the executor or administrator, and other parties interested in the execution of the will, may be informed thereof, and the estate settled accordingly. Rev. Stat. chap. 3, sec. 78.

The other points made on this branch of the case have been considered, and they are overruled. The statute furnishes a sufficient answer to each of them. The decree holding the dower of appellant barred, is fully authorized by the facts of the case, and to that extent it will be affirmed.

The remaining assignment of error urged as ground of reversal is, "the court erred in depriving said Richard Cribben of his estate of homestead." The argument on this point proceeds on the hypothesis that the decree appealed from orders a sale of the homestead, and directs its value to be assessed according to life tables. We have carefully examined that decree, and are unable to find in it any order of sale

whatever. It does find that appellant is entitled to an estate of homestead, and adds, "to the sale of which he has consented in writing, by his answer filed herein," but does not authorize the commissioners to set off homestead, nor does it in any way attempt to fix its value. Recurring to that part of the answer relied upon by appellees as giving consent, in writing, for the sale of the homestead estate, it appears that whatever consent is there given is upon the express condition that homestead can not be assigned without manifest injury to the parties in interest. Having found that appellant was entitled to an estate of homestead, it was the duty of the court to cause it to be set off to him. (Partition act, sec. 22.) It is not claimed that he has waived that right absolutely, so that in any view, as to the effect of his answer, the court should have ordered the commissioners to set off the homestead, if it could be done without manifest injury to the parties in interest, and until that has been done and the commissioners have reported, no sale can be legally ordered. As the record now stands, the commissioners may make partition of the premises, ignoring entirely the estate of homestead,—in fact, they can not do otherwise, under the decree, if the premises are susceptible of division between the tenants in common. The error under consideration is therefore well assigned, and on it the decree of the circuit court must be reversed.

In this view the question as to whether the answer amounts to consent that a sale of the homestead may be made, is not very important, for the reason that even if appellees' construction of the clause in question is correct, and it should also be held, as we think it should, that the signing of appellant's name by his solicitors is sufficient under the statute, the assent can be withdrawn at any time before an order of sale is made. Section 32 of the Partition act, so far as it applies to the estate of homestead, is as follows: "In case of sale the court may, with the assent of the person entitled to an estate * * * of homestead to the whole or any part of the premises, who is

a party to the suit, sell such estate with the rest." This language clearly indicates that the assent spoken of is to be given, or at least can only become effective as authority to sell the homestead, after it has been found necessary to order a sale of "the rest" of the premises. Assent to a sale of the homestead is in no sense a matter in issue in the partition proceedings until a sale becomes necessary. If that contingency should arise in this case, and appellant sees proper to allow that portion of his answer to remain in the record, the question will arise as to whether it amounts to consent to a sale, within the meaning of the statute. So far no question of that kind has arisen in the circuit court, and hence is not before us.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings in that court in conformity with this opinion.

*Decree reversed.*