Taylor v. Pearce.

# Mary Taylor v. A. L. Pearce et al.

1. APPEALS AND ERRORS—*Alleged Errors Not Included in Assignment Not Considered.*—An assignment of errors is the pleading of the appellant or plaintiff in error, and he can not be heard on appeal, on any supposed errors in the record, not included in his assignment.

2. EQUITY—*When it Will Enjoin a Trespass.*—A court of equity will not interfere to prevent a trespass unless facts and circumstances are alleged from which it may be seen that irreparable injury will be the result of the act complained of, and that there is no adequate remedy at law.

3. Same—*Jurisdiction of, to Prevent a Multiplicity of Suits.*—To warrant the interference of equity to prevent a multiplicity of suits, there must be different persons assailing the same right, and not a mere repetition of the same trespass by the same person.

Injunction, to prevent trespasses and a multiplicity of suits. Error to the Circuit Court of Iroquois County; the Hon. Charles R. Starr, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

Robert Doyle, attorney for plaintiff in error.

A bill will lie to enjoin repeated trespasses, especially where they are of a serious character. Trustees of the Congregational Church v. Stewart, 43 Ill. 85.

If there be no highway at the point in controversy that the town officers may lawfully keep open for the use of the public, then the tearing down of the fence as proposed would be a continuing trespass, or the bringing of repeated suits therefor would be a multiplicity of suits, and might cause irreparable injury and lead to breaches of the peace, and in such case equity has jurisdiction. McIntyre v. Storey, 80 Ill. 129; Landers v. Town of Whitefield, 154 Ill. 630.

Kay & Kay, attorneys for defendants in error.

"To warrant the interference of equity upon the ground of a multiplicity of suits there must be different persons assailing the same right, and not a mere repetition of the same trespass by the same person, the case being susceptible of compensation in damages. If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will be dismissed. If the right claimed affects numerous parties, equity will sometimes enjoin a continuance of the litigation because the judgment against one of the parties would not be binding on the others. But where there are continued suits between two single individuals, arising from the separate repetition of trespasses, equity will not interfere by injunction where the right has not been established by law, because a judgment in any one of the suits would be evidence in all the others. If the right has not been established at law,

Taylor v. Pearce.

the necessity of intervention does not exist." Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372; 1 High on Inj., Sec. 700; 2 Story's Eq. Jur., Sec. 857; Poyer v. Village of Des Plaines, 123 Ill. 111; Pratt v. Kendig, 128 Ill. 293.

Equity will not interfere, by injunction, to prevent a mere trespass, except to prevent irreparable injury or to prevent a multiplicity of suits. Thornton v. Roll, 118 Ill. 350; Owens v. Crossett, 105 Id. 354; City of Chicago v. Wright, 69 Id. 318; Toof v. City of Decatur, 19 Ill. App. 204; Davis v. Hinton, 29 Id. 328; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372.

Before equity will assume jurisdiction in order to prevent a multiplicity of suits between the same parties, complainant's rights must be first established at law. Poyer v. Des Plaines, 123 Ill. 111; Pratt v. Kendig, 128 Id. 293; Chicago Public Stock Exchange v. McClaughry, 148 Id. 372; 1 High on Injunction, Sec. 700.

Where adequate relief may be had in the usual procedure at law, equity will not interfere by injunction. Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372; Goodell v. Lassen, 69 Id. 145; Wells v. Lammey, 88 Id. 174; 1 High on Injunctions, Sec. 699.

Mr. Justice Dibell delivered the opinion of the Court.

Plaintiff in error owned the north sixty acres of the north half of the southwest quarter of section eighteen, in the town of Concord, Iroquois county. Defendants in error were commissioners of highways in said town. There was a traveled highway on plaintiff in error's north line, north of her north fence, which fence she claimed had stood in one place for more than twenty years. The commissioners claimed part of the legal highway was south of her fence, and moved her fence south accordingly. She moved it back. The commissioners moved it south again. She again moved it back. This occurred a number of times. There were several arrests and trials at law growing out of these occurrences. Thereafter the commissioners gave plaintiff in

error notice that unless she removed her fence within five days, they would proceed against her for obstructing said road, and also for the daily penalty for allowing said obstructions to continue. She then filed a bill in equity to enjoin said commissioners from removing her fence, and from bringing suits concerning said fence, till a court of equity should fix the rights of the parties and of the public. A temporary injunction was granted by a master. Defendants answered and moved to dissolve the injunction. The court dissolved the injunction and dismissed the bill for want of equity, and complainant below prosecutes this writ of error from said decree.

Plaintiff in error argues certain questions of practice, based upon her claim that the court below dismissed the bill after answer filed, without setting the cause down for hearing, etc.; but we are of opinion those questions are not raised by the assignments of error, which are as follows: " 1st. The court erred in dissolving said injunction, because the main allegations in said bill are not denied, but admitted in said answer. 2d. There is nothing in said record showing said road was ever open or traveled south of said fence, and the allegations that said fence has been in said place for twenty-five years are not denied, therefore the court erred in dismissing bill." These assignments are the pleadings of plaintiff in error and she can not be heard upon any other supposed errors in the record. The question whether the court below pursued the proper practice is not before us for consideration.

The bill in this case states no facts which give jurisdiction to a court of equity. It seeks to restrain repeated trespasses and a multiplicity of suits. There are no facts stated which show plaintiff in error will suffer irreparable injury by being left to her remedy at law. She states that there have been suits at law, but does not allege there has been any adjudication in her favor establishing her right at law. In the absence of the allegation, the court must assume against the pleader that she has not established her right at law; and, indeed, the proper inference against the pleader

would seem to be that she has been defeated in the actions at law. To warrant interference on the ground of multiplicity of suits, there must be different persons assailing the same right, and not a mere repetition of the same trespass by the same person. Here there could be no suits except between the plaintiff in error and the commissioners of highways. The Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372; Commissioners of Highways v. Green, 156 Ill. 507; Harms v. Jacobs, 158 Ill. 505.

It follows that if the assignments of error truly state the condition of the record (which we can not admit), still the court did not err in dissolving the injunction, for an admission of the truth of the entire bill would not authorize the injunction; and the court did not err in dismissing the bill, for though the fence of the plaintiff in error had been in the same place for twenty-five years, still she has a complete remedy at law for its illegal removal, and therefore has no standing in equity. Decree affirmed.