### William J. Laurence v. Thur Balch, Executor, etc.

98   111<br>a195s 626

1. WILLS—*Failing to Provide Anything for a Surviving Husband.*— The fact that a wife dies leaving a will in which she fails to provide anything for her surviving husband, merely operates to nullify the will to the extent of the legal right of the husband, which is to have one-third of the personal property after paying the debts of the estate and the costs of administration.

**Petition in Probate.**—Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 7, 1901.

**Statement.**—Laura Jane Laurence died testate in Cook County on May 13, 1895, leaving William J. Laurence, the plaintiff in error, as her surviving husband, and no child or children or descendants of a child or children. Deceased left a will in which she disposed of her entire estate and made no provision for her surviving husband. The will was probated, and Thur Balch, the defendant in error, was appointed executor. The entire estate left by deceased

consisted of personalty. The appraisement amounted to $97.54.

Testatrix left no debts except a small amount incurred during her last sickness. On May 20, 1896, plaintiff in error, William J. Laurence, the surviving husband, filed his petition and supplemental petition in the Probate Court, offering to pay all debts and costs against said estate, and asking to have said property preserved in kind and delivered to him as sole heir of the estate. Defendant in error, Thur Balch, executor, filed his petition, asking for an order to sell the personal property of the estate.

The case was heard in the Probate Court and that court denied the petition of plaintiff in error and held that the surviving husband was entitled to one-third of the estate only, and ordered the property sold. From this order plaintiff in error appealed to the Circuit Court. In the Circuit Court the cause was heard, and that court also denied the petition of plaintiff in error and held that as surviving husband he was entitled to one-third of his deceased wife's estate and ordered that on final settlement of the estate the executor should pay to the surviving husband one-third of the estate remaining after paying debts and costs. This writ of error is prosecuted to review that order of the Circuit Court.

J. C. Essick, attorney for plaintiff in error.

Wm. Garnett, Jr., attorney for defendant in error.

Mr. Justice Sears delivered the opinion of the court.

The only question presented upon this record is as to whether, when a wife dies testate, leaving no child or descendant of child, and having made no provision whatever in her will for her surviving husband, the latter takes all of the personal estate of the testatrix, as in case of intestacy, or only one-third of the personal estate. In other words, is the estate of the testatrix in such case to be treated wholly as an intestate estate in determining the rights of the surviving husband, or is the will to be treated

as inoperative only to the extent that it can not and does not deprive the surviving husband of the right which the law gives him in such case to one-third of the personal estate of his deceased wife?

We are of opinion that, there being a will, the estate can not be treated as an intestate estate, and that the effect of failing to provide for the surviving husband merely operates to nullify the will to the extent of the legal right of the husband, which is here a right to one-third of the personal estate.

By section 10 of chapter 41, R. S., it is provided that "Any devise of land or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts."

It is now contended by the learned counsel for appellant that while under the terms of this statute, if there had been the slightest provision for the surviving husband, which provision was renounced by him, the share of the personal estate to which he would be entitled by the law, would be one-third; yet because this will made no provision whatever for him, he may therefore take as his legal share of the estate all of the personal property. This contention is based upon the hypothesis that when the will is thus inoperative to cut off the rights of the surviving husband, the estate is to be treated as intestate, and by the statute of descents the surviving husband would, in the lack of child or descendant of child, take all the personalty. Some apparent support for this contention is found in the language of the decision in the case In re Taylor, 55 Ill. 252. In that case the will of the husband made no provision whatever for the surviving wife, and the court, in holding that the will was inoperative to cut off her legal rights, said: "In what

manner could the widow be deprived of these rights?
By such a devise or bequest to her by her husband's last
will as she is willing to accept and does accept. But the
husband makes a will and devises nothing to her; he
declares in express terms he will not devise or bequeath
anything to her; what, then, is the condition of the widow?
The answer is obvious. He has not taken away, as he could
not take away, without her consent, her legal rights, her
thirds, and the specific property must remain to her, and as
to her, he must be deemed intestate." From this statement,
that in such event, " as to her he must be deemed intestate,"
counsel for appellant seek to draw the conclusion that the
estate is to be distributed as provided by the statute of
descents, as though there were no will. We think that a
careful reading of the whole decision will disclose that it
was the intention of the Supreme Court to hold only that in
the case presented the will was inoperative and the estate
was to be treated as intestate, that is, out of the operation
of the will, to the extent of the legal rights of the wife to
her thirds, and to no other or further extent. In the same
decision the court said:

" We do not go too far when we say that it has become
a sort of common law in this State, that this support shall
be, 'in all cases,' one-third of the husband's real estate for
life, and one-third of the personal estate forever, which
shall remain after the payment of debts, unless the husband
shall by his last will and testament make some devise or
bequest to her which she is willing to accept. * * *
We therefore hold, where a husband makes a will, but makes
no devise or bequest to his wife, his estate, as to her, is
intestate to the extent of her legal claims, and that under
our law it is not in the power of the husband so to dispose
of his estate as to deprive his widow of the third of the
personal property remaining after the payment of his debts,
and that there is one-third of the realty beyond his disposal
by will, unless a devise or bequest to the wife be made
therein, which she is willing to and does accept. This
court in Lessley v. Lessley, 44 Ill. 527, in discussing the right
of election of the widow, as given her by the dower act,
said that right was based upon the ground that the wife
has an interest in the estate of her husband, of which he

can not deprive her by will or otherwise, without her consent. What interest can it be, other than her thirds?"

From this language it is, we think, apparent that it is only to the extent of the widow's or surviving husband's dower in the land and right of thirds in personal estate, that the will is to be disregarded or the estate to be treated as intestate. If the construction put upon the language of the decision by counsel were correct, then the disposition of the cause by the Supreme Court was at variance with this announcement of the decision, for the right of the widow was determined by the decision to be a right to one-third only of the personalty, although the statute of distributions and descents then in force gave, as now, in case of intestacy without child or descendant of a child, the whole of the personal estate to the widow.

It would be an incredible condition of our law that if the husband left the slightest bequest to the widow, she could only by renouncing take one-third of the personalty, while if he left her nothing at all she might take the whole of the personalty.

The decision of the Supreme Court in Cribben v. Cribben, 136 Ill. 609, makes it very clear that the construction sought to be put upon the decision in the Taylor case by counsel for appellant is incorrect. The court said in that case :

" Manifestly that rule can give no support to the proposition here laid down, because, waiving all controversy as to whether the bequest in question is precisely the same estate Richard Cribben would have taken in his deceased wife's estate if she had died intestate. it is an admitted fact that she did dispose of·her estate, both real and personal, by will, and therefore the statute of descents has no application, and hence her husband could take nothing by descent except by renouncing the will, as provided in sections 10 and 11, of the dower act, and in that way only, could he take one-third of the personal estate of his deceased wife. She could dispose of her estate as she pleased. (Statute of Wills, Sec. 1.) He could only defeat her will by successfully contesting it, or by renouncing its provisions in his favor, and thereby preserve his right to dower in her real estate, and to one-third of her personal estate after the payment of her debts."

There is no controversy between the litigants, but that under the law appellant was entitled either to one-third or to the whole of the personal estate. It is now, however, contended by the learned counsel for appellee, who assigns cross-error in this behalf, that because the petition of appellant in the Probate Court set up claim to the whole of the personal estate, therefore no judgment could properly result for any less, *i. e.*, for one-third of such estate.

We discover no merit in this contention. We are of opinion that the Probate Court and the Circuit Court were right in holding that appellant was entitled to one-third and to no more of the personal estate of his deceased wife. The judgment is affirmed.