## Sophia Koelling, Appellee, v. Louise Foster et al., Appellants.

### Gen. No. 15,607.

1. INJUNCTIONS—*what subject to review upon appeal from interlocutory.* Upon an appeal from an order granting a preliminary injunction, the Appellate Court is restricted to a review of one question, namely, did the bill state a cause entitling the complainant to the injunction prayed and granted.

2. INJUNCTIONS—*when lie to restrain trespass.* A court of equity will not enjoin a trespass unless facts and circumstances are alleged in the bill from which it can be seen that irreparable injury will result from the act complained of, and that there is no adequate remedy at law, or that a multiplicity of suits will result unless equity intervenes and restrains the threatened trespass, or that the trespassers are financially irresponsible and unable to respond in damages to the injured party for the result of the unlawful action threatened.

3. INJUNCTIONS—*when temporary, should not be granted.* If the complainant can have no ultimate relief on a hearing upon his bill filed, it is error to grant an interlocutory injunction upon said bill.

4. APPEALS AND ERRORS—*when freehold not involved.* In an appeal from an order granting a preliminary injunction, it is not the province of the Appellate Court to determine the rights of the parties in the subject-matter of the litigation but simply to decide whether from the averments of the bill the complainant is entitled to the injunction obtained from the chancellor; in such a case, therefore, even though the merits of the controversy may involve a freehold, a freehold is not involved for the purpose of determining the appeal from the interlocutory order.

5. WILLS—*what does not excuse failure to renounce.* Renunciation by the widow must be made pursuant to statute within the period of limitation prescribed and a failure so to renounce is not excused by ignorance of the law.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1909. Reversed. Opinion filed May 20, 1909. Rehearing denied July 1, 1909.

**Statement by the Court.** This is a statutory appeal allowed from an interlocutory injunctional order granted without notice and without bond.

Counsel for appellants have argued and assigned

for error the refusal of the chancellor to dissolve the injunction on his motion. With that phase of the case we have no concern on this appeal. We are restricted in our review to one question, viz: Does the bill state a case entitling appellee to the injunction prayed and granted without notice and without bond?

On June 26, 1907, appellee filed a bill in the Circuit Court, from the averments of which it appears, *inter alia,* that she was married to Christian Koelling October 9, 1890; that he died June 19, 1899; that said marriage was the second matrimonial alliance of both parties, and that children were born to each as the result of their prior marriages, and that one child, Christian Koelling, Jr., was the fruit of the last union; that Christian Koelling died testate possessed of real and personal property, among which was a farm of 110.67 acres at Northfield, in Cook county, on which appellee and her husband lived during their married life to each other, and that appellee was in possession of the farm from the time of Koelling's death until the filing of the bill.

The clauses of the will which concern appellant are as follows:

"2nd.   Gives wife, Sophia Koelling, all personal estate provided she pay, October 1st, A. D. 1906, Louise Koelling, daughter, $500; Harry Wesche, grandson, $200; Minnie Koelling, daughter, $200; Christian Koelling, daughter, $200; Mary Koelling, daughter, $200; Fredericke Koelling, daughter $500; said widow is to take all personal estate in lieu of her dower, homestead right, and widow's award."

"3rd.   Gives, bequeaths and devises to Sophia Koelling, widow, said farm of 110.67 acres, that is to say that my said wife shall have the full use and control of said farm until October 1st, 1906, and no longer, said widow to pay taxes and keep all buildings in repair."

"8th.   Gives Sophia Koelling full power and authority to sell Martin county, Minnesota, farm, and to use $5,000 of proceeds to pay mortgage on Cook county farm, and the balance to her."

Appellee was appointed executrix without bond, and it appears that she propounded the will and letters testamentary thereon were issued to her by the Probate Court of Cook county; that she filed an inventory of her testate's estate, as required by law, in which the Northfield farm was listed, with personal property consisting of household furniture, farming stock and utensils appraised at $486.20, also growing crops valued at $382.64, making the total value of personal property $868.84; that a widow's award in the sum of $1,200 was allowed by the Probate Court, and appellee was removed from her office as executrix by the Probate Court, for failure to obey its order to pay $592.87, the value of personal property in her hands as such executrix; and such other and further proceedings were had in said estate that a settlement thereof was effected by order of the Probate Court entered November 15, 1906; that prior to the death of Christian Koelling he had disposed of his Minnesota farm; that appellee has paid in excess of any money or property received from Christian Koelling's estate, for funeral expenses and in harvesting crops on the farm, etc., about $1,600; that she has not received anything of value from her husband's estate under his will; that she retained the personal property of the estate in ignorance of the facts and under a misapprehension of her legal rights, and that she did not know she was required to elect to take under or renounce the provisions of the will made for her benefit, and was wholly ignorant of the law; that as soon as she learned of her rights, she renounced the provisions of the will in her favor and elected, and by the bill does elect, to take her dower and homestead under the statute; that on October 6, 1906, and at other times, she made demand of the heirs at law of Koelling to set off and assign her dower and homestead rights, and that her requests were refused; that a bill was filed by certain of Koelling's heirs in the Circuit Court of Cook county, June 30, 1903, contesting said will, which bill was dismissed

February 14, 1906; that appellee is uneducated, can neither read nor write the English language; that she did not understand the provisions of the will, and that she never elected to take under it because there was nothing to take; that the provisions of the will are void and of no effect as to appellee, because they gave to her nothing that she would not have taken under the statutes in relation to dower and homestead had Koelling died intestate; that certain of the devisees, heirs of Koelling, entitled to the Northfield farm under the will, are about to take summary measures to dispossess her of the farm by force. She prays for payment of widow's award of $1,200, that dower and homestead in the farm may be set off and assigned to her, that she may have damages for delay in making the assignment of her dower, that Fritz, John and Henry Koelling may be restrained from interfering with her possession of the Northfield farm, that an account may be taken of every transaction and dealing from the time of her marriage to Koelling and of moneys received and paid out in relation thereto, and "that defendants" be ordered to pay her whatever shall appear to be her due upon such accounting.

On the recommendation of a master, and without notice to any of the defendants, a temporary injunction as prayed was ordered to issue without bond.

JAMES A. PETERSON, for appellants.

O'DONNELL & O'DONNELL, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Counsel for appellee challenge the jurisdiction of this court to entertain this appeal, because they contend that a freehold is involved. But in appeals of this character we do not understand our province to be to determine the rights of the parties in the subject-matter of the litigation, but simply to determine whether from the averments of the bill the party is

entitled to the injunction obtained from the chancellor. Thus where an injunction is improvidently granted, without notice, in a case where notice should have been given, aside from any other question raised by the bill, this court will reverse such injunctional order. So, where the statute requires a bond to be given as a condition precedent to granting the injunction prayed, and none has been given, the injunctional order so improvidently granted will be reversed without reference to the merits of the cause made by the averments of the bill. The contention, therefore, that this court is without jurisdiction to entertain this appeal is not well taken.

A court of equity will not enjoin a trespass unless facts and circumstances are alleged in the bill from which it can be seen that irreparable injury will result from the act complained of, and that there is no adequate remedy at law, or that a multiplicity of suits will result unless equity intervenes and restrains the threatened trespass; or that the trespassers are financially irresponsible and unable to respond in damages to the injured party for the result of the unlawful action threatened. Taylor v. Pearce, 71 Ill. App. 525; Thornton v. Roll, 118 Ill. 350; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372.

Concerning appellee's being entitled to a restraining order, from what we shall hereafter say it will clearly appear that from no averment of her bill is she entitled to any relief whatever, either at law or in equity. If appellee can have no ultimate relief on a hearing, she can have no interlocutory injunction. Hovnanian v. Bedessern, 63 Ill. App. 353.

From the time of the death of appellee's husband to the time of the filing of her bill, a period of eight years, minus a few days, elapsed. She propounded the will and caused letters testamentary to be issued thereon to herself, and proceeded to administer the estate until removed from her office by the Probate Court for disobedience of its orders. The estate was settled

November 15, 1906, and during all of this time her actions and conduct were in effect an affirmance of the will and an acceptance of its provisions. During no part of this time did she make any protest or seek to avoid the provisions of the will made for her benefit. On the contrary she continued to occupy and cultivate the Northfield farm for the whole term of the estate created by the will in her favor, and not until the remainder men asserted their rights and attempted to oust her from possession did she make it known that she had any desire or intention to renounce her husband's will and take her share of his estate, according to the statutes governing the distribution of the estates of those dying intestate. The only attempt made to avoid the legal consequences flowing from her conduct is her plea of ignorance and illiteracy. But such plea is unavailing. That ignorance of the law is no defense, is axiomatic. This is a necessary rule of law, for were it otherwise no rights would be safe from such a plea, which in the natural course of events could hardly ever be disproved.

Warren v. Warren, 148 Ill. 641, we think decisive of appellee's claims, contrary to her contention. The statute makes it imperative on the part of the widow to renounce the will within a year of the death of the husband if she does not wish to be concluded by its provisions. A failure to do so is by construction an acceptance of its terms and obligatory for all time. As said in the Warren case, "But, under the peculiar terms of the Illinois statute, the provision in the will is declared to be a bar, unless the intention that it shall not be a bar is expressed in the will. The statute makes the silence of the testator the conclusive index to his intention, and it also makes the failure to renounce within a specified time conclusive evidence that the surviving husband or wife has elected to take under the will." Again the court says in the Warren case, "If the widow deems such devise or bequest an inadequate compensation for dower, she can file her

renunciation within the time specified, and thereby take what she is entitled to under the statute.'' Not only is there nothing in Koelling's will from which it can be said that the provision made for appellee was intended to be in addition to her statutory right of dower and homestead, but, on the contrary, section 7 of the will in express terms provides that the bequests to her are in lieu of all such rights and widow's award; therefore her rights are limited by the conditions of the will. ReQua v. Graham, 187 Ill. 67.

The case at bar is in no respect akin to Laurence v. Balch, 195 Ill. 626, because in that case no provision at all was made in the will of the wife for her surviving husband. Consequently, as the court held, there was nothing to renounce. His rights, not being at all involved by the will, rested in those given by the statute. It may be that the bequests to appellee were inadequate and not of the value which, but for the will, she would have been entitled to receive under the statute; but according to the terms of the will she took under it property of appreciable value, and she enjoyed it, such as it was, for eight years, and not having renounced the will within the statutory time, she is concluded by the will, and her attempt at so late a day to renounce it is abortive.

Appellee is not entitled, under the averments of her bill, to any of the relief prayed, and the Circuit Court erred in ordering a preliminary injunction, and that order is therefore reversed.

*Reversed.*