*In re* ESTATE OF CARLTON W. ROSENE, Deceased.—(PAUL A. ROSENE, Ex'r of the Estate of Carlton W. Rosene, Petitioner-Appellant, *v.* RUTH MADGE ROSENE, Defendant-Appellee.)

Second District   No. 77-468

Opinion filed December 21, 1978.

Wayne M. Jensen, Ralph C. Hardy, and H. Dan Bauer, all of Brady, McQueen, Martin, Callahan & Collins, of Elgin, for appellant.

William F. Castillo, of Schaffner & Ariano, of Elgin, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Paul A. Rosene, executor of the estate of Carlton W. Rosene, deceased, appeals from an order of the Circuit Court of Kane County denying his petition to disallow the renunciation of decedent's will by his widow, Ruth Madge Rosene. The sole question on appeal is whether the trial court erred in allowing a renunciation which was signed by the widow's attorney and filed more than eight months subsequent to the admission of the will to probate.

The facts are not in dispute. The decedent and Ruth Rosene were married on January 9, 1974, and on April 8, 1974, decedent executed a will containing the following provision:

> "On or about January 9, 1974, I was a party to a marriage ceremony with RUTH BRAUN FLETCHER hereinafter called 'Ruth,' in Ironwood, Michigan. I do not consider said marriage to have been valid and am taking steps to obtain an annulment or divorce. Therefore, no provision for Ruth is being made in this Will."

The decedent instituted annulment or divorce proceedings but was adjudged incompetent on July 16, 1974, and those proceedings were terminated. On January 26, 1976, he died. Paul A. Rosene, decedent's brother, was appointed executor and decedent's will was admitted to probate on March 3, 1976. The widow filed a petition for a widow's award which, after a hearing, was granted and at that hearing, at which Mrs. Rosene was present, her attorney stated she intended to renounce decedent's will. On November 5, 1976, eight months and two days after the will was admitted to probate, the widow's attorney filed a written renunciation signed by himself. The executor's petition to disallow the renunciation was denied by the trial court.

Section 2—8(b) of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 2—8(b)) provides as follows:

> "(b) In order to renounce a will, the testator's surviving spouse must file in the court in which the will was admitted to probate a written instrument signed by the surviving spouse and declaring the renunciation. The time of filing the instrument is: (1) within 7 months after the admission of the will to probate or (2) within such further time as may be allowed by the court if, within 7 months after the admission of the will to probate or before the expiration of any extended period, the surviving spouse files a petition therefor setting forth that litigation is pending that affects the share of the surviving spouse in the estate. The filing of the instrument is

a complete bar to any claim of the surviving spouse under the will."

The executor contends the trial court erred in denying his petition to disallow the renunciation because the written renunciation filed on the widow's behalf did not conform to the requirements of the statute. He argues that those provisions of the statute which require that a written renunciation, signed by the surviving spouse, be filed within seven months after the admission of the will to probate are mandatory, not directory, and that the trial court did not have discretion to permit a renunciation which was not in the statutory form.

The widow argues that the trial court properly exercised its equitable powers in allowing her renunciation and that the orderly administration of the estate will not be adversely affected by allowing the renunciation because the executor and the trial court had been earlier advised by the widow's attorney, in open court, that she intended to renounce the will.

No Illinois case has been cited by the parties which would extend the time in which a renunciation could be filed where the surviving spouse knew of the decedent's death and of the admission of the will to probate. (See *Petta v. Host* (1953), 1 Ill. 2d 293, 115 N.E.2d 881 (late renunciation allowed where widow did not learn of decedent's death until after statutory period had run).) Similarly, the only exception to the provision that the renunciation be signed by the surviving spouse has been in the case of an incompetent surviving spouse. See, *e.g., Kinnett v. Hood* (1962), 25 Ill. 2d 600, 185 N.E.2d 888.

■■ The general rule, however, is that the right of the surviving spouse to renounce is a personal right which must be exercised by the surviving spouse (*In re Estate of Klekunas* (1965), 56 Ill. App. 2d 70, 205 N.E.2d 497) and the failure to renounce the will within the statutory period is an acceptance of its terms (*Koelling v. Foster* (1909), 150 Ill. App. 130, 135). The widow does not contend she did not know of her right to renounce the will or that she was defrauded by the executor or other relatives of the decedent. (See *Eichhorst v. Eichhorst* (1930), 338 Ill. 185, 170 N.E. 269; *Christensen v. Christensen* (1927), 327 Ill. 448, 158 N.E. 706.) The record demonstrates her attorney advised her it was in her best interest to renounce the will and to execute the written form for that purpose which he sent to her. She failed to do so and that choice also is one she was entitled to make. The language of the statute is unambiguous and the intent of the legislature clear; we find no basis upon which the statutory limitation may be extended as now urged by the widow. We hold, therefore, that the provisions of section 2—8(b) of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 2—8(b)) are mandatory, not directory. The trial court, therefore, did not have discretion to allow the renunciation filed eight months after decedent's will was admitted to probate.

For these reasons the judgment of the Circuit Court of Kane County is reversed and the cause will be remanded with directions that an order be entered granting the executor's petition.

Reversed and remanded.

GUILD, P. J., and RECHENMACHER, J., concur.