*In re* ESTATE OF MINNA DUNCAN, Deceased (Estate of Minna Duncan, Appellant, v. Estate of Charles D. Stemmler, Appellee).

Fifth District   No. 5—87—0476

Opinion filed July 6, 1988.

E. Dan Kimmel, of Gilbert, Kimmel, Huffman & Prosser, Ltd. of Carbondale, for appellant.

William B. Ballard, Jr., of Anna, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

This is an appeal from an order by the trial court of Union County awarding the estate of Charles Stemmler, appellee, a statutory share of half of the estate of Minna Duncan, appellant; ordering appellant to pay $5,000 to appellee as a surviving spouse's award; and ordering appellant to pay 25% of the total net proceeds from the

sale of the real estate held by appellant to appellee as Stemmler's share of the property. We reverse and remand for proceedings consistent with this opinion.

Minna Duncan and Charles Stemmler were married on May 16, 1975. On August 22, 1977, Duncan filed an action for dissolution of marriage, the court entered what it designated a judgment of dissolution on December 26, 1978. Duncan died the following day, December 27, 1978, in Chicago, Illinois, leaving an estate valued at $371,000 and a will executed on December 11, 1978. The circuit court of Union County admitted the will to probate on February 7, 1979.

On February 16, 1979, Charles Stemmler filed a claim in the circuit court of Union County against the personal property and real estate of Duncan. Stemmler died on March 21, 1980.

On October 30, 1981, appellee filed a motion for determination of rights in Duncan's property. The motion for determination of rights requested that the court award Stemmler his statutory share of Duncan's property. Appellee asserted that because Duncan died on December 27, 1978, the date after the first hearing in a dissolution proceeding, but before the court had an opportunity to hold a second hearing determining the distribution of property between the spouses, the dissolution of the marriage was not final and Stemmler was the surviving spouse of Duncan.

On January 29, 1985, appellee filed a motion to renounce Duncan's will and to elect a statutory share of Duncan's property under the provisions of section 2—8 of the Probate Act of 1975 (the Act) (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8). Duncan died without descendants, and the motion contended that appellee was entitled to renounce Duncan's will and to claim a statutory share of half of appellant's property. The trial court denied this motion.

On April 8, 1986, the trial court entered a judgment in connection with the action for dissolution of the marriage, determining the rights of the estates in property owned by Stemmler and Duncan. On a subsequent appeal, this court found that the circuit court's judgment was improper because the parties had not finalized the judgment of dissolution of marriage before Duncan's death. This court then vacated the judgment and the circuit court's distribution of property. *In re Marriage of Stemmler* (1987), 151 Ill. App. 3d 1168, 515 N.E.2d 491 (unpublished Rule 23 order).

On February 11, 1987, subsequent to this court's determination of the status of the marriage between Duncan and Stemmler, appellee filed a new motion to renounce Duncan's will and to claim a stat-

utory share of Duncan's property. In this motion, appellee prayed for the court to "issue an order requiring the estate of Minna Duncan Stemmler to file an amended petition for admission of will to probate and give formal notice to the estate of Charles D. Stemmler, Jr., so that the estate of Charles D. Stemmler, Jr., can formally and properly renounce the will as provided in section 110½—2—8 [sic] and for all other relief just and proper in the premises." The trial court granted the appellee's motion. The court found that the claim of February 16, 1979, served as sufficient notice to appellant that Stemmler intended to renounce Duncan's will and to demand a statutory share of Duncan's property. The court concluded that the prior determination by this court that Duncan and Stemmler were married to each other at the time of Duncan's death necessitated its interpretation of Stemmler's claim of February 16, 1979, as a renunciation of Duncan's will and as a demand for a statutory share of Duncan's property. The court awarded appellee half of the appellant's property under section 2—8(a) of the Act, which prescribes that a renunciating party is entitled to half of the estate of a spouse that dies without descendants. (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8(a).) The court also ordered appellant to pay $5,000 to the Stemmler estate as a surviving spouse's award, and to pay 25% of the net proceeds of the sale of the real estate held by appellant. The estate of Duncan appeals.

Appellant contends that Stemmler's claim of February 16, 1979, against the Duncan estate is not a valid renunciation of Duncan's will and that Stemmler did not file a valid renunciation within seven months after the admission of the will to probate as required by section 2—8(b)(1) of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8(b)(1)). Appellant also contends that the trial court erred in finding that appellant was obligated to pay 25% of the net proceeds of the sale of real estate held by appellant to appellee, because the court based its determination on a judgment which was subsequently vacated by this court.

Appellant initially contends that neither Stemmler nor his estate complied with the statutory requirements of a renunciation. Stemmler filed a claim against Duncan's property on February 16, 1979, apparently in response to the admission of Duncan's will to probate on February 7, 1979. Appellant asserts that the trial court erred in finding that this claim complies with the statutory requirements of a renunciation. The renunciation statute, section 2—8(b) of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8(b)), provides that "[i]n order to renounce a will, the testator's surviving spouse must file in the court

in which the will was admitted to probate a written instrument signed by the surviving spouse and declaring the renunciation." Appellant asserts that the court erred in interpreting the claim filed on February 16, 1979, as a declaration of renunciation because, *inter alia*, the claim does not declare the renunciation, nor does it even mention the will which is the subject of the alleged renunciation. Appellant asserts that appellee must have subsequently realized that the claim did not comply with the statutory requirements of a renunciation, because appellee filed a motion to renounce Duncan's will on January 29, 1985, nearly six years after the date of the filing of the claim that appellee alleges is the valid renunciation of the will.

Appellee replies that the trial court properly construed the claim filed on February 16, 1979, and signed personally by Stemmler, as a renunciation of Duncan's will. Appellee contends that the claim complies with section 2—8(b) of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8(b)) in that the claim is a written instrument, signed by the surviving spouse, and filed in the court that admitted the will to probate, and that it was filed within seven months of the date of the admission of the will to probate. Appellee contends that the claim met the requirement of having declared the renunciation because the language of the claim which states that "[n]otice is hereby given that the undersigned, Charles D. Stemmler, Jr., hereby claims an interest in all personal property and real estate subject to claim by virtue of the marriage of the undersigned with the decedent" can only be interpreted as Stemmler's demand for his rights to the estate under the laws of intestacy and under section 2—8(a) of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8(a)), and, as such, as a renunciation of the will. Appellee alleges that the subsequent motions seeking a renunciation of the will were merely reaffirmations of the original renunciation.

■■ ■ The law requires the spouse to file a renunciation and inform the executor or administrator, and other parties interested in the execution of the will, of the renunciation in order to facilitate the settlement of the estate. (*Cribben v. Cribben* (1891), 136 Ill. 609, 614, 27 N.E. 70, 71.) The provisions of the statute governing renunciations are mandatory, not directory, and the trial court does not have discretion to deviate from the statutory prescriptions. (*In re Estate of Rosene* (1978), 66 Ill. App. 3d 999, 1001, 384 N.E.2d 487, 489.) The order of this court vacating the judgment and the circuit court's distribution of property (*In re Marriage of Stemmler* (1987), 151 Ill. App. 3d 1168, 515 N.E.2d 491 (unpublished Rule 23 order)) also resulted in Stemmler being the surviving spouse of Duncan. Thus

Stemmler's estate is entitled to a statutory share of Duncan's property if Stemmler met the requirements of filing a valid renunciation under section 2—8 of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8).

The legal effect of an instrument raises a question of law (*Northern Illinois Medical Center v. Home State Bank* (1985), 136 Ill. App. 3d 129, 142, 482 N.E.2d 1085, 1095), and the appellate court is not bound by the trial court's findings and may make an independent decision on the facts (*Schlobohm v. Police Board* (1984), 122 Ill. App. 3d 541, 544, 461 N.E.2d 601, 604). We find that the trial court's determination that the claim filed by Stemmler on February 16, 1979, complied with the requirements of section 2—8 of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8) is incorrect as a matter of law, and we reverse the determination and remand the cause for proceedings consistent with this opinion. The form of the claim filed by Stemmler on February 16, 1979, and the language used in the claim, clearly shows that Stemmler intended the claim as a means to protect an interest in property then in the possession of the appellant, and not as a renunciation of Duncan's will. If Stemmler had truly intended to renounce the will of Duncan, he could have complied with the statutory provision by merely timely filing a written statement, "I renounce." Nowhere in the claim does Stemmler state that he is renouncing Duncan's will. The claim mentions a substantial interest of Stemmler in the appellant's property, but this interest apparently refers to Stemmler's proprietary claim of 25% of appellant's real estate, and not to a statutory claim by virtue of a renunciation of Duncan's will. We thus find that the claim filed by Stemmler does not meet the statutory requirements of a renunciation under section 2—8 of the Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2—8), and that Stemmler's failure to renounce the will within the seven-month statutory period acts as an acceptance of the terms of the will (*In re Estate of Rosene* (1978), 66 Ill. App. 3d 999, 1001, 384 N.E.2d 487, 488).

Appellant's last contention is that the trial court based its determination of the 25% proprietary interest of appellee in appellant's real estate on a judgment which was subsequently vacated by this court. (See *In re Marriage of Stemmler* (1987), 151 Ill. App. 3d 1168, 515 N.E.2d 491 (unpublished Rule 23 order).) We find from the record that the trial court relied upon the vacated judgment for its determination of this issue in favor of the appellee, and since it is manifest that a vacated judgment has no force or effect on subsequent proceedings, we reverse the finding of the trial court and re-

mand this issue for a new determination.

For these reasons the judgment of the circuit court of Union County is reversed, and we remand this cause for proceedings consistent with this opinion.

Reversed and remanded.

LEWIS and CALVO, JJ., concur.