SAMUEL W. LESSLEY *et al.*

*v.*

MARY LESSLEY.

WIDOW — *of her rights upon a renunciation of the will.* Under the fifteenth section of the dower act, the widow of a person dying testate and leaving no children or descendants of children, upon renouncing the will, is entitled to one-half the estate in fee, and to the specific articles enumerated in the statute; but she is not entitled to dower in the remainder of the real estate or to the whole of the personal property.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion of the court presents a sufficient statement of the case.

Messrs. O'Melveny & Houck, for the plaintiff in error.

Mr. Wm. H. Underwood, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

This was a bill in chancery filed by defendant in error in the Circuit Court against plaintiffs in error. The bill alleges that defendant in error is the widow of Matthew Lessley, deceased; that he died in April, 1864, leaving no children or a descendant or descendants of children, or father or mother surviving him, but left a brother and the descendants of his deceased sisters; that he left both real and personal property which the bill describes; that he made a last will by which he made sundry bequests and legacies, — among others, he gave to defendant in error, his lands to hold during her life, with a remainder over in fee to Matthew Lessley; that she renounced the provisions made in her favor, and elected to take her dower and legal share of the estate of her husband; that subsequently she, under her hand and seal, elected to take, in lieu of dower and the provisions of the will in her favor, one-half of the real estate, and dower in the other half, and the whole of his personal property after payment of debts; and prays for partition, and assignment of her dower, and the establishment of her title to the property.

The answer admits that defendant in error is the widow of Matthew Lessley, deceased; that he left no children or descendants of children; admits the will is correctly stated; that defendant in error relinquished the provisions of the will as stated in the bill, but denies that she is entitled to one-half of the real estate, or to dower in the other half of the lands, or is entitled to the personal property of the deceased, inasmuch as the whole of it was bequeathed by the will and is charged with the payment of such bequests. On the hearing, the Circuit Court granted the prayer of the bill and decreed the relief sought. The cause is brought to this court to reverse that decree.

In the case of *Tyson* v. *Postlethwaite*, 13 Ill. 727, it was held that a widow of an intestate husband, under the forty-sixth section of our statute of wills, inherits, as heir to her intestate husband, one-half of his real and the whole of his personal property of which he died seized, after the payment of the debts of the estate, and also to be endowed in the remainder of his real estate. It was also held that this section was not repealed by the fifteenth section of the dower act of 1845, and that these sections were not repugnant. Again, in the case of *Sturgis* v. *Ewing*, 18 Ill. 176, the same rule was recognized and a construction was given to the fifteenth section of the dower act. And in this latter case it was held that the widow of a testator leaving no children or descendants of children may, if she elect, have, in lieu of her dower in the estate of which her husband died seized, one-half of all his real estate; that this section in its provisions applied to testate estates, while the forty-sixth applied to intestate estates.

By the latter of these cases the rule is announced, that the widow of a testator having no children, or descendants of children, may elect to renounce the provisions of the will made in her favor, and to take one-half of the real estate of which he died seized; and, as heir to her husband, she thereby becomes invested with the title in fee to that portion. Again, in the case of *Pitney* v. *Brown*, 39 Ill. 468, the same rule was announced, and the widow permitted to elect to take one-half of the land in fee of which her husband died seized of an estate of inheritance either at law or in equity. Under these authorities the widow, in this case, was entitled to the decree for one-half of the real estate named in her bill, and which was decreed to her by the court below.

This right of election proceeds upon the ground, that the wife has an interest in the estate of the husband, of which he cannot deprive her by will or otherwise, without her consent. And when he attempts to do so, she has the right to elect whether she will take the provision made for her by the will, or renounce it, and hold such rights in his estate as the law gives to her. She cannot claim a portion of the provisions of

34 — 44TH ILL.

the will and reject others, and claim under the statute. She must claim alone under the will, or altogether independent of its provisions. When, however, she has renounced the provisions of the will, she is restored to her rights under the statute. And such cases are provided for by the fifteenth section of the dower act. It declares, that, if a husband dies leaving a widow but no children, or descendants of children, the widow may, if she elect, have, in lieu of her dower in the estate of which her husband died seized, whether it shall or shall not have been assigned her, one-half of the real estate in fee simple, in her sole right, which shall remain after the payment of the debts and claims against his estate. And she may make an election within two months after being notified of the payment of such debts.

By this provision, the widow, by renouncing the provisions of the will, waives her dower in her husband's real estate, but gets in lieu of it one-half of the lands after payment of the debts.

This section, in the case of *Sturgis* v. *Ewing*, 18 Ill. 176, was held to apply alone to testate estates. And the case of *Tyson* v. *Postlethwaite*, 13 Ill. 727, holds, that the forty-sixth section of the statute of wills applies to intestate estates, and was the most liberal of the two in its provisions. It is not more liberal and beneficial to the widow, unless it is because it gives dower in the remaining half of the real estate, or the personal property which remains after the payment of the debts, while the fifteenth section of the dower act only gives one-half of the real estate, as it declares that, if the widow elects to take one-half of the lands of which her husband died seized, it shall be in lieu of dower. This language is comprehensive enough to embrace dower in all of the lands. It will not reasonably bear any other construction.

The sixth section of the act of February 11th, 1847 (Sess. Laws, p. 169), defines the word "dower," as employed in the forty-sixth section of the chapter entitled "wills," to embrace a saving to the widow of one-third of the personal estate of intestate estates forever, after the payment of debts. If this is taken as the definition of the word, then all of the personal property remaining after the payment of debts cannot be claimed where

there has been such an election by the widow.    The land is taken in lieu of that, as well as dower in the other half of the real estate.    A different rule prevails under these two sections. The first section of the act of 1847, however, gives to the widow in all cases the specific articles of personal property enumerated in the act.    It makes no distinction between testate and intestate estates.    The right is the same in all cases, if the widow resides, and administration is had, in this State.    We, therefore, have no hesitation in believing that defendant in error is entitled to one-half of the real estate of her deceased husband, and the specific articles enumerated in the statute. But the court below erred in decreeing that she was entitled to dower in the remaining half of the real estate, and all the personal estate, after payment of debts.    The decree must, therefore, be reversed and the cause remanded.

*Decree reversed.*