·ROBERT E. GULLETT

*v.*

ROSINA FARLEY *et al.*

*Filed at Ottawa January 19, 1897.*

1. WILLS—*on renouncing provisions of will the law fixes widow's estate.* When a widow clearly renounces the provisions of her husband's will her rights are fixed by statute, and cannot be affected by her claiming or omitting to claim any specific estate on renunciation.

2. SAME—*when widow, upon renunciation, may elect to take either dower or one-half in fee.* Upon renouncing the provisions of her husband's will, a widow, where no child or descendant of a child is living, may either claim dower and one-third of the personal estate under section 10 of the Dower act (Rev. Stat. 1874, p. 423,) or one-half the real and personal estate under section 12 of the same act, but she is not entitled to both.

3. SAME—*after express renunciation widow's election may be implied.* Where the terms of an instrument by which a widow renounces the provisions of her husband's will render it uncertain whether she intends to claim under section 10 or section 12 of the Dower act, her election may be implied from acts indicating her choice.

4. SAME—*filing a bill for partition is a sufficient election.* The filing of a bill by a widow, after renunciation, for partition of her deceased husband's estate, by which she claims to be the owner in fee simple of an undivided half of the real and personal estate, is notice that she has elected to take under section 12 of the Dower act.

5. SAME—*widow taking under section 12 of the Dower act becomes seized in fee simple.* A widow renouncing the provisions of her husband's will and electing to take under section 12 of the Dower act becomes seized in fee simple of an undivided half of the estate, and may dispose of the same by will, and her devisee is entitled to have the estate partitioned.

APPEAL from the Circuit Court of Woodford county; the Hon. N. W. GREEN, Judge, presiding.

Eliza Gullett exhibited her bill in chancery in the circuit court of Woodford county on the 25th day of June, 1894, showing that she and one Robert Gullett were tenants in common and owners in equal moieties of the southeast quarter of section 9, township 27, north, range 1, west of the third principal meridian, in Tazewell county; that

they derived title through James Gullett, who died.on the 15th day of December, 1893, testate and without issue, but leaving his widow, Eliza Gullett, the complainant in the bill; that his last will was probated in the county court of Tazewell county on the 20th day of February, 1894, and letters testamentary issued to George W. Kingsbury as executor of the will; that by the will said James Gullett made certain provisions for his widow, said Eliza Gullett, in lieu of dower; that he devised the south-east quarter of section 9 aforesaid to Robert Gullett, charging such bequest with certain payments and disbursements to be made by him, and also devised certain lands to his wife, which are eliminated from this controversy; that on the 26th day of March, 1894, she filed in the county court of Tazewell county an instrument in writing, by which she renounced the provisions of the will which had been made in her favor. In her bill she also claimed that in lieu of the provisions made for her by the said will of James Gullett she was entitled, by virtue of such renunciation, to one-half of the real estate of which her husband, James Gullett, died seized.

Eliza Gullett died on the 7th day of January, 1895, testate, leaving no issue or husband surviving her. Her will was dated the 13th of December, 1894, and was admitted to probate in the county court of Tazewell county on the 24th of January, 1895, and letters were issued thereon to Lewis Harms with the will annexed. By her will, among other devises, she made the following to Rosina Farley: "I also, for the foregoing reasons, devise, give and bequeath to the said Rosina Farley any and all real estate owned by me now or hereafter, to her and her heirs and assigns forever." By leave of court Rosina Farley was made, upon the suggestion of the death of Eliza Gullett, a party complainant, and on the 15th of April, 1895, she filed an amended bill in the nature of a supplemental bill, setting up the death of Eliza Gullett, and that under the devise in her will she, Rosina Farley, was the owner

of the undivided half of the south-east quarter of section 9, township 27, north of range 1, west of the third principal meridian, in Tazewell county, and praying for a partition thereof between her and Robert Gullett. Answer was filed by the defendant and replication to the answer by the complainants, and on a hearing the court ordered that the premises be partitioned as asked in the prayer of the bill. To reverse this decree the case is brought to this court.

WINSLOW EVANS, (M. C. QUINN, of counsel,) for appellant.

W. L. ELLWOOD, and B. D. MEEK, for appellee Rosina Farley.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The questions presented by the record are: First, did Eliza Gullett, by the renunciation filed by her in the county court of Tazewell county at the March term, 1894, simply take dower in the premises in controversy and one-half of the personal estate of which James Gullett died possessed after the payment of debts, under sections 10 and 11 of chapter 41 of the Revised Statutes, or did she take, under such renunciation, one-half of the real estate in fee simple of which James Gullett died seized, under section 12 of that chapter; and second, did Eliza Gullett, by exhibiting her bill in the circuit court of Woodford county and averring therein that she was the owner of the undivided one-half of the premises in controversy, elect to take one-half of the real and personal estate after the payment of debts, under section 12 of the above chapter.

*First*—The sections of the statute that control and determine the controversy are as follows:

"Sec. 10. Any devise of land or any estate therein, or any other provision made by the will of a deceased

husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts.

"Sec. 11. Any one entitled to an election under either of the two preceding sections shall be deemed to have elected to take such jointure, devise or other provision, unless, within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise or other provision.

"Sec. 12. If a husband or wife die testate, leaving no child or descendants of a child, the surviving husband or wife may, if he or she elect, have, in lieu of dower in the estate of which the deceased husband or wife died seized, (whether the right to such dower has accrued by renunciation, as hereinbefore provided, or otherwise,) and of any share of the personal estate which he or she may be entitled to take with such dower, absolutely and in his or her own right, one-half of all the real and personal estate which shall remain after the payment of all just debts and claims against the estate of the deceased husband or wife. The election herein provided for may be made whether dower has been assigned or not, and at any time before or within two months after notification to the survivor of the payment of debts and claims, and not afterwards."

There is no question but that Eliza Gullett, as the widow of James Gullett, deceased, under the renunciation and election filed by her in the county court of Tazewell county at the March term, 1894, could have taken dower and one-third of the personal estate after the payment of the debts, had she chosen so to do, under

sections 10 and 11 of the Dower act.    It is, however, no
bar to her taking one-half of the real estate under the
election filed in the county court, that she could have
taken dower under the same, if the renunciation and
election are broad enough to clearly show that it was
her purpose and intention to renounce the provisions of
the will, and in lieu thereof take one-half of the real and
personal estate under section 12 of the Dower act.    (*Less-
ley* v. *Lessley*, 44 Ill. 527.)    The renunciation and election
of the widow were as follows:

"I, Eliza Gullett, surviving wife of James Gullett, late of the
county of Tazewell and State of Illinois, deceased, do hereby
renounce and quit all claim to the benefit of any jointure given
or assured to me in lieu of dower, or any devise or other pro-
vision made to me by the last will and testament of said James
Gullett, and I do elect to take in lieu thereof my dower and
legal share in the estate of the said James Gullett *which shall
remain after the payment of just claims and debts against his estate.*

"Dated this 22d day of March, A. D. 1894.

ELIZA GULLETT."

The widow in the instrument says:    "I do elect to take
in lieu thereof" (the provisions of the will of her husband,
James Gullett,) "my dower and legal share in the estate
of the said James Gullett which shall remain after the
payment of just claims and debts against his estate."
If the word "dower" were dropped from this sentence
there would be no question as to the legal effect of this
instrument.    It is also clear that the widow, by this in-
strument, was claiming an estate that would be burdened
with the debts of the estate.    The widow's dower is not
chargeable with the debts.    When she takes one-half of
the real estate under section 12 it is chargeable with the
debts.    She cannot claim dower under sections 10 and 11
of the Dower act and also avail herself of the provisions
of section 12 of the same act.    She cannot take under
both.    No violence is done this instrument by rejecting
the word "dower" in the above sentence, and holding that
the widow elected to take one-half the real and personal

estate. It is clear that the widow by the above instrument renounced all the provisions of the will of her husband in her favor. The law then fixed what estate she would take. It matters little what she claimed or did not claim. Her rights, on renouncing the will, were fixed by statute, and they could not be affected by claiming or omitting to claim any specific estate. *Evans* v. *Price*, 118 Ill. 593.

This court, in its opinion in *In re Taylor's will*, 55 Ill. 252, in commenting upon *Lessley* v. *Lessley*, uses this language (p. 260): "This court in *Lessley* v. *Lessley*, 44 Ill. 527, in discussing the right of the election of the widow as given her by the Dower act, said that right was based upon the ground that the wife has an interest in the estate of her husband of which he cannot deprive her, by will or otherwise, without her consent."

It conclusively appears that the widow has fully renounced all provisions made for her by her husband's will in lieu of dower; that she has an interest in the estate of her husband that he cannot deprive her of, by will or otherwise, without her consent; that the renunciation and election filed in the county court of Tazewell county at the March term, 1894, were all it was necessary for the widow to make to enable her to take under section 12 of the Dower act.

*Second*—The widow, by filing her bill in chancery in the Woodford circuit court for the partition of the premises in controversy, and by averring that she was the owner in fee simple of the undivided one-half thereof, made the very best and most notorious election that it was possible to make, and one that all the parties in interest must take notice of. It was in apt time. This was ample notice that the widow did not claim dower, but one-half of the estate as heir. It is well settled that where one has the power of election such election need not be formally made. (Leading Cases in Eq. 1154-1169.) Where a widow is put upon her election between dower

and legacies in lieu thereof, a suit for the legacies is a substantial election. (2 Herman on Estoppel, 1178.) An election may be expressed, or it may be implied from unequivocal acts indicating choice. 6 Am. & Eng. Ency. of Law, 254.

The widow, Eliza Gullett, having renounced the provisions of her husband's (James Gullett's) will in her favor by the written instrument filed in the county court of Tazewell county at the March term thereof, and by her bill in chancery filed in the circuit court of Woodford county on the 16th of August, 1894, and averring therein that she owned the undivided one-half of the premises, thereby elected unequivocally to take under section 12 of the Dower act, and was seized in fee simple of the premises, and had authority by will to dispose of the same, and having so disposed of the same to Rosina Farley, she became seized in fee of the premises, and was therefore entitled to have them partitioned.

The decree of the circuit court will be affirmed.

*Decree affirmed.*