WILLIAM J. LAURENCE

*v.*

THUR BALCH, Exr.

*Opinion filed April 16, 1902.*

WILLS—*if testatrix disposes of entire estate by will the Statute of Descent has no application.* If a wife dies without descendants but leaves a will disposing of her entire estate, which consists of personal property, without making any provision for her husband, the latter is entitled, under section 10 of the Dower act, to one-third of the personal estate after the payment of the debts and costs; but he cannot take the entire estate under section 1, subdivision 3, of the Statute of Descent, providing that where there is a surviving widow or husband of an intestate, but no descendants, the survivor is entitled to all the personal estate. (*In re Taylor,* 55 Ill. 252, distinguished.)

*Laurence* v. *Balch,* 98 Ill. App. 111, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

J. C. ESSICK, for appellant.

WILLIAM GARNETT, Jr., for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant, William J. Laurence, filed a petition in the probate court of Cook county claiming to be entitled to the entire personal estate left by his deceased wife, Laura J. Laurence, whose estate was in course of administration in said court, and asking that he be permitted to pay all claims and costs lawfully chargeable against said estate, and that the property in kind left by his deceased wife, consisting of household goods, wearing apparel, etc., appraised at $97.54, be turned over to him. The appellee, Thur Balch, executor of the last will and testament of said Laura J. Laurence, deceased, also filed a petition in said court asking for an order to sell

said personal property. There was a hearing upon said petitions at the same time, and the court denied the prayer of the petition of William J. Laurence, and held that as such surviving husband he was entitled to only one-third of the personal property belonging to his deceased wife after the payment of debts and costs, and ordered the property sold, from which order William J. Laurence perfected an appeal to the circuit court of said county, which court affirmed the decision of the probate court denying the prayer of the petition of William J. Laurence, and holding that he, as surviving husband, was entitled to only one-third of his deceased wife's estate, and ordered that on final settlement of the said estate the executor thereof pay to William J. Laurence, as surviving husband, one-third of the estate remaining after paying debts and costs, which order of the circuit court has been affirmed by the Appellate Court for the First District, and a certificate of importance having been granted by that court, the record has been brought to this court by William J. Laurence for further review.

It appears from the record that Laura J. Laurence died testate in Cook county on May 13, 1895, leaving William J. Laurence, the appellant, as her surviving husband, and no child or children or descendants of a child or children; that by her will she disposed of her entire estate and made no provision whatever for her surviving husband; that her will was admitted to probate, and Thur Balch, the executor therein named, duly qualified on June 3, 1895; that the entire estate left by Laura J. Laurence consisted of personal property, and that she left no debts, except a small amount incurred during her last sickness.

The appellant contends that Laura J. Laurence, deceased, having died leaving no descendants, and her estate consisting solely of personalty, and she having made no provision in her will for him as her surviving husband, her estate is intestate, and that under the third

subdivision of section 1 of chapter 39, (Hurd's Stat. 1899, p. 653,) entitled "An act in regard to the descent of property," which reads, in part, as follows: "When there is a widow or surviving husband, and no child or children, or descendants of a child or children of the intestate, then (after the payment of all just debts) * * * the whole of the personal estate shall descend to such widow or surviving husband as an absolute estate forever,"—he takes her entire estate after the payment of debts and costs. We do not agree with such contention, but are of the opinion, there being a will, the estate was not intestate property, and the effect of failing to provide for the surviving husband merely operated to nullify the will to the extent of the legal rights of the husband, which is here, under section 10 of chapter 41 of the Revised Statutes, the right to take one-third of the personal estate after the payment of debts and costs. Laura J. Laurence, under section 1 of the Statute of Wills, had the right to dispose of her property by will as she saw fit, (*Cribben* v. *Cribben*, 136 Ill. 609,) except by such disposition she could not deprive her surviving husband of the rights conferred upon him by sections 10 and 12 of chapter 41 of the Revised Statutes, and she having disposed of her entire estate by will, the Statute of Descent has no application here.

In *McMurphy* v. *Boyles*, 49 Ill. 110, and *Marvin* v. *Ledwith*, 111 id. 144, we have held that where a widow renounces the provisions made for her in her deceased husband's will, his estate is still testate property, and does not become intestate except as to the rights which she takes under sections 10 and 12 of chapter 41 of the Revised Statutes, by the act of her renunciation. While, here, it was not necessary for the husband to renounce the will as no provision was made for him therein, that fact is not controlling, as a husband for whom provision is made in a will, although only to the extent of a nominal sum, after renunciation should not be held to stand

in a more unfavorable position in the eye of the law in regard to the portion of the estate of his deceased wife which he will take on distribution than one for whom provision has not been made in the will of his deceased wife and therefore has nothing to renounce. To hold that the appellant is entitled to the entire estate of his deceased wife after the payment of debts and costs would be to hold that a married woman in this State, when her estate consists solely of personalty,—although it might amount in value to a large sum and she have indigent parents or brothers and sisters dependent upon her,— could not make a will unless she made provision for her surviving husband therein, and upon her death the surviving husband would take her entire estate under the Statute of Descent, but if she did make provision for him in her will to the extent of one dollar and no more, that then and in that case the will would be binding upon him, and he could only avoid it by successfully contesting it or by renouncing its provisions in his favor, and in the event of his renouncing the will, then he would only take under sections 10 or 12 of chapter 41 of the Revised Statutes. A construction leading to such results should not be adopted unless such appears to have been the plain intent of the legislature.

The appellant relies upon the case of *In re Taylor*, 55 Ill. 252, as announcing the doctrine that where a husband dies testate, leaving a widow and no child or children or descendants thereof, and makes no provision for his widow, his entire personal estate is intestate. In that case the testator left him children surviving and made no provision in his will for his widow, and it was held the widow was entitled to dower in his real estate and one-third of his personalty after payment of debts. The question presented here for decision was not decided in that case, and while there is some language used by the learned judge who wrote the opinion which would seem to support the view of counsel for the appellant, there is

nothing decided in that case inconsistent with the view herein expressed.

There was no conflict as to the evidence in this case, the facts being substantially agreed upon, and it is conceded by both parties that the only question presented for decision here is whether the appellant is entitled to the whole or only to one-third of his deceased wife's estate remaining after the payment of debts and costs. The appellant, under section 10 of the Dower act, is entitled to one-third of the personal estate after payment of debts and costs. *Gullett* v. *Farley,* 164 Ill. 566.

We are of the opinion the Appellate Court correctly held that the estate of Laura J. Laurence, deceased, was not intestate property, and that the appellant was only entitled to one-third of such estate remaining after payment of debts and costs.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*