Albertina Leischner, Appellee, v. Simon Kaiser, Executor, Appellant.

1. DOWER—*sections* 10 *and* 12 *of Act construed.* By virtue of the Statutes of Descent and Dower the legislature intended that in the distribution of the assets of deceased persons where there are no children or descendants of children the surviving spouse shall receive a greater share than otherwise; therefore, in such condition of heirship, said acts being construed together, a widow is entitled to take one-half of the personal property of her deceased husband, who has died testate without making provision for her, under section 12 of the Dower Act, irrespective of the fact that she has made no renunciation, an election to take under section 12 being sufficient to fix the rights of such widow.

2. INTEREST—*when properly allowed against executor.* An executor who illegally withholds the distributive share of a widow, or a portion thereof, is properly chargeable with interest.

3. TENDER—*when does not stop running of interest.* A tender if not unconditional is unavailing to stop the running of interest.

4. COSTS—*when should be paid in course of administration.* If an executor has prosecuted appeals in good faith, the costs incurred in connection therewith are properly ordered paid by such executor in due course of administration.

Appeal from Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge presiding, Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

SCHUMACHER & BUSCH, for appellant.

ELIM J. HAWBAKER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The only question presented for determination by this appeal is one of law, arising out of the following undisputed facts: Simon Leischner died on or about July 8, 1907, leaving Albertina Leischner his widow, but no children or descendants of children surviving him. At the time of his death he owned no real estate whatever. By his will, which was admitted to probate by the county court August 19, 1907, he made no provision for his wife Albertina Leischner, nor was her name mentioned in said instrument. Letters testamentary were issued to Simon Kaiser as Executor of said will. Said executor proceeded to reduce said estate to his possession, and realized therefrom the sum of $15,228.48 in cash, out of which he paid to Albertina Leischner the sum of $2,000 in full of her award as widow. He afterward tendered to said widow the sum of $4092.75, being one-third of the amount remaining in his hands for distribution, upon condition that she accept the same in full payment of her distributive share of said estate. She refused to accept said sum upon such condition, and claimed the right to and did elect to take in lieu of dower, under section 12 chapter 31 of the State, one-half of the remaining personal estate, all of the debts and claims against said estate having been paid in full. Thereafter she filed her petition in the county court, praying that she be allowed her legal share in said estate and that said executor be cited to appear and make final report. Upon a hearing on said petition the county court decreed that Albertina Leischner as widow was entitled to have half of said estate, and further that the executor pay interest at the rate of five per cent. per annum upon the net amount found to be due her, from and after August 3, 1908. Upon an appeal by the executor the circuit court affirmed such order, and decreed further that the costs of the proceeding be paid by the executor in due course of administration.

It is contended by appellant, that to entitle appellee to elect under section 12, there must have been in her a subsisting right of dower in her husband's estate; and further,

that the election provided for in said section can be made only in case of a renunciation, and there being no provision, devise or bequest for or to her under the will there was nothing that she could renounce; and that the failure of her husband to provide for her merely operated to nullify the will to the extent of her "legal rights", which is to take one-third of the personal estate after payment of debts and costs, under section 10 of the "Dower Act". Appellee's contention is that she was entitled under the circumstances to elect whether to take under the provisions of either section 12 or section 10 of said Act.

The sections in question read as follows:

"DOWER BARRED BY DEVISES, ETC.—ELECTION AND RENUNCIATION. § 10. Any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts."

"IN CASE WILL RENOUNCED—ELECTION TO TAKE IN LIEU OF DOWER. § 12. If a husband or wife die testate, leaving no child or descendants of a child, the surviving husband or wife may, if he or she elect, have, in lieu of dower in the estate of which the deceased husband or wife died seized, (whether the right to such dower has accrued by renunciation as hereinbefore provided, or otherwise,) and of any share of the personal estate which he or she may be entitled to take with such dower, absolutely, and in his or her own right, one-half of all the real and personal estate which shall remain after the payment of all just debts and claims against the estate of the deceased husband or wife. The election herein provided for may be made whether dower has been assigned or not, and at any time before or within two months after notification to the survivor of the payment of debts and claims, and not afterwards."

The precise question thus presented has not been directly

adjudicated by our Supreme Court. Appellant relies chief-
ly upon Laurence v. Balch, 195 Ill. 626, in which the facts
were almost identical with those here presented. In that
case Laura J. Laurence died testate leaving a surviving hus-
band but no child or descendant of a child or children. By
her will she disposed of her entire estate, which consisted
wholly of personal property, but made no provision for her
surviving husband. He claimed that under this state of
facts he took her entire estate after payment of debts and
costs, under the provisions of section 1, of the Statute of
Descent. The court held that there being a will the estate
was not intestate property, and the effect of failing to provide
for the surviving husband merely operated to nullify
the will to the extent of the legal right of the husband,
under section 10 of the Dower Act, to take one-third of the
personal estate after the payment of debts and costs, and
further that inasmuch as the wife had the right to dispose
of her property by will as she saw fit, except that she could
not deprive her surviving husband of the right conferred
upon him by sections 10 and 12 of the Dower Act, and she
having disposed of her entire estate by will, the Statute of
Descent had no application. The opinion, after reciting that
it was "conceded by both parties that the only question
presented for decision here is whether the appellant is en-
titled to the whole or only to one-third of his deceased wife's
estate remaining after the payment of debts and costs,"
holds that the estate of the wife was not intestate property
and that the appellant was only entitled to one-third of
such estate remaining after payment of debts and costs.
While such holding seems to support the position of appel-
lant, we do not regard it as controlling in the present case.
The appellant in the case cited having conceded that if the
Statute of Descent was inapplicable he was only entitled
to one-third, and it not being the province or duty of the
court to protect or award to him greater rights than he him-
self asserted, it only remained to adopt the conceded al-
ternative.

In Giger v. Bishop, 231 Ill. 472, in stating the case,

the writer of opinion says: "Jacob Busch died in Mercer County leaving Mary Busch his widow. He had no children. The widow renounced the will and elected to take under the statute. The entire estate being personal property, the widow become entitled to one-half of the estate under the statute." The Appellate Court in its opinion in the same case (135 Ill. App. 448) says: "Jacob Busch died testate. He left a widow but left no children. The estate was composed of personalty only. The widow renounced the will and thereby became entitled to one-half the estate. Revised Statutes, chapter 41, section 12."

In Gullett v. Farley, 164 Ill. 566, it is held that upon renouncing the provisions of her husband's will, a widow, where no child or descendant of a child is living, may either claim dower and one-third of the personal estate under section 10 of the Dower Act, or one-half the real and personal estate under section 12 of the same act, but that she is not entitled to both.

In Scheible v. Rinck, 195 Ill. 636, the court in referring to Section 12 of the Dower Act, says: "It has no application to the case of a surviving husband or wife who has accepted the provisions of a will and thereby takes property by devise and not by right of dower. It applies only to a husband or wife whose right of dower has not been barred, —as, for instance, the husband or wife to whom nothing has been devised or bequeathed by the will of the deceased or to whom a devise or bequest is given accompanied by an expression in the will showing it was not the intention of the testator or testatrix that the devise or bequest should be in bar of the right of dower, or who has renounced in accordance with the statutory requirements the devise or bequest. There must be a subsisting right of dower to entitle a surviving wife or husband to make the election provided for in said section 12."

In Blankenship v. Hall, 233 Ill. 116, the court says: "If he (the husband) dies testate, she (his widow) has a dower interest in all the lands of which he was seized during coverture and which he has not relinquished in legal form; and

she may under section 12 of said Dower Act, where there is no child or descendant of a child, elect to take in lieu of dower in the statute of which the husband died seized, and of any share of the personal estate which she may be entitled to take with such dower, one-half of all the real and personal estate which shall remain after the payment of the just debts and claims against the estate of her deceased husband." The court further says: "There has been a manifest desire on the part of the law makers of this state, to provide for the support of the wife not only during the lifetime of the husband, but also after his death. As this court said *in re* Taylor's will, 55 Ill. 252, on page 259, 'We do not go too far when we say that it has become a sort of common law in this state that this support shall be in all cases one-third of the husband's real estate for life and one-third of the personal estate forever which shall remain after the payment of debts.' "

In Richardson v. Trubey, 240 Ill. 476, it appears from the opinion that Mrs. Trubey died testate, leaving a husband surviving her but no descendants. At the time of her death she owned certain real and personal estate. By her will she devised and bequeathed to her husband, "whatever interest in my estate he may be entitled to under the laws and statutes of the State of Illinois." The remainder of her estate she devised and bequeathed to certain brothers, sisters and nieces. It was held that whether under the language quoted, the surviving husband was entitled to the interest he would have taken at law had his wife died intestate, or the interest he would have taken had she died testate as to all her property without providing for him, depended wholly upon the testatrix's intention as expressed in the whole will, as the words had no fixed meaning. In its opinion the court says: "We think it clear that what the testatrix intended her husband to have, was such interest in her estate as he would take under the laws of the state, she dying testate as to all her property, and making no provision for him by her will. The property to which he would then be entitled would be, first, one-third of her personal

property after the payment of debts; second, homestead; third, dower in the remainder of her real estate. In such event. he could, of course, alter his rights by making election under Section 12, *supra,* just as he might have done here by such an election or by renouncing and making such an election."

In view of the foregoing authorities, and what we are convinced is a fair construction of the Statute, we are of opinion that the position of appellant is untenable, and ·that the chancellor properly held that appellee was entitled to one-half of the estate. It is obvious from the provisions of the acts relative to Descent and Dower, that the legislature intended, and reason and justice would seem to dictate, that in the distribution of the estate of deceased persons, where there are no children or descendants of children, the surviving spouse shall receive a greater share than otherwise.

It was not error to allow interest on the amount due appellee under the circumstances disclosed by the evidence. Gullett v. Farley, supra; Warner v. Warner, 235 Ill. 448. The tender relied upon was unavailing to stop interest, as it was not unconditional. Pulsifer v. Shepard, 36 Ill. 513. We are satisfied that the respective appeals by the executor were prosecuted in good faith, and it was therefore not improper to order the costs occasioned thereby to be paid by the executor in due course of administration.

The decree of the circuit court is affirmed.

*Affirmed.*

Mr. Justice Philbrick took no part.