**In re Estate of Teofila Zakroczymski, Deceased. Stanislaw Zakroczymski, Executor, v. Julius Zakroczymski, Appellee.**

## Gen. No. 26,093.

1. DOWER—*right of wife to dispose of personal estate to exclusion of husband.* A wife cannot by will dispose of her entire estate, consisting only of personal property, to her children and thereby prevent her surviving husband, the father of her children, from participating in the property.

2. DOWER—*when right of husband not defeated.* Section 1 of the Statute on Wills (Cahill's Ill. St. ch. 148, ¶ 1) and section 10 of the Dower Act (Cahill's Ill. St. ch. 41, ¶ 10) considered in connection with the claim that the testatrix in question had the right under said section 1 to dispose of her entire estate, consisting only of personalty, among her children to the exclusion of her husband who was the father of such children, and the further claim that said section 10 of the Dower Act does not give the surviving husband any interest in the property of his wife except in cases where she makes a provision for her husband and he renounces such provision in the manner provided by statute, and *held* that the husband was entitled to one-third after the payment of debts.

3. DOWER—*when payment of husband's share in cash not proper.* Where under a will a wife divided her entire estate, consisting of personalty only, among her children to the exclusion of her husband, and the trial court, in awarding a third to the husband, ordered payment to him in cash although a considerable part of the assets consisted of a note for $2,000, on which no interest was ever paid, the finding giving a third to the husband was approved, but the judgment was reversed for the reason only that it would be unjust to pay the husband in cash when the note might turn out to be of little or no value, although the point was not raised

below, and the executor was directed to collect the note, if possible, and then make distribution in the proper proportion.

THOMSON, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed and remanded with directions. Opinion filed November 2, 1921. Rehearing denied November 15, 1921.

HENRY N. MILLER, for appellant.

GIBSON & SCHWABA, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The principal question for decision in this case is: Can a wife by will dispose of her entire estate, which consists of personal property, to her children and thereby prevent her husband, the father of the children, from participating in the property. The probate court and the circuit court of Cook county both answered this question in the negative and held that, after the payments of debts, the husband was entitled to one-third of the estate under section 10 of the Dower Act (Cahill's Ill. St. ch. 41, ¶ 10). The executor of the estate has prosecuted an appeal to this court.

The undisputed facts are that Teofila Zakroczymski died testate leaving her surviving her husband and three sons, one of whom was a minor. By the terms of her will, after providing for the payment of debts, she bequeathed all of her estate, which was personal property, to the three sons share and share alike. No mention was made of her husband, the father of the sons. The will was duly admitted to probate and letters testamentary were issued to one of the sons. He qualified and administered the estate. Later he submitted his final account to the probate court showing the payment of all debts and costs and the distribu-

tion of the balance remaining in his hands among the three sons. Julius Zakroczymski, the surviving husband, objected to the final account claiming one-third of the estate. His objection was sustained and the executor was ordered to pay him one-third of the estate. An appeal was taken to the circuit court where the matter was heard and a judgment entered finding the surviving husband entitled to one-third of the estate. The executor was ordered to pay him the one-third amounting to $2,570.25 within 20 days with interest at the rate of 5 per cent per annum from February 4, 1919, the date of the entry of the order in the probate court. The circuit court held as a proposition of law that where a wife dies leaving a will in which no provision is made for her surviving husband, he is entitled to one-third of the estate, after the payment of debts and costs, under section 10 of the Dower Act (Cahill's Ill. St. ch. 41, ¶ 10). The court refused to hold as law that under the circumstances the surviving husband was entitled to nothing. The executor's position here is that section 1 of the Statute of Wills (Cahill's Ill. St. ch. 148, ¶ 1) authorizes a wife, as in the instant case her estate consisting solely of personalty, to dispose of it by will without making any provision for her husband, and that section 10 of the Dower Act does not give the surviving husband any interest in the property of the deceased except in cases where the wife makes a provision for the husband and he renounces such provision in the manner provided by the statute. Whatever might be our opinion, if the question presented were one of first impression, we think that by repeated decisions of our Supreme Court and this court the question has been determined against the executor's contention. *In re Taylor's Will,* 55 Ill. 252; *Laurence v. Balch,* 98 Ill. App. 111: same case affirmed, 195 Ill. 626; *Richardson v. Trubey,* 240 Ill. 476; *Bennett v. Bennett,* 282 Ill. 266; *Leischner v. Kaiser,* 156 Ill. App. 123.

In the *Taylor Will* case, the court reviewed the common and statutory law with reference to the distribution of estates and held that where a will made no devise or bequest to the testator's wife but gave all the property to his children, she was entitled to one-third of the personal estate remaining after the payment of his debts. The court, after an analysis of the law, said (p. 259): "We do not go too far when we say that it has become a sort of common law in this State, that this support shall be, 'in all cases,' one-third of the husband's real estate for life, and one-third of the personal estate, forever, which shall remain after the payment of debts, unless the husband shall by his last will and testament make some devise or bequest to her, which she is willing to accept." In the *Laurence* case, the wife died testate leaving her husband surviving but no children or descendants of a child or children. She disposed of her entire estate but made no provision for her surviving husband. The estate consisted of personalty only. The husband filed objections in the probate court offering to pay all debts and costs against the estate and asking that all the property be delivered to him in kind as the sole heir of the estate. The probate court held that the surviving husband was entitled to one-third of the estate only. An appeal was taken to the circuit court and it was there held that the surviving husband was only entitled to one-third after the payment of debts. The case was heard in the Appellate Court on a writ of error and the court there said that the only controversy was whether in the circumstances the surviving husband took all of the estate or only one-third of it and held that there being a will the estate could not be treated as intestate and that the effect of failing to provide for the surviving husband nullified the will to the extent of his legal right which was to take one-third of the personal estate. The court quoted section 10 of the Dower Act, as follows: "Any devise of land

or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts." Continuing, the court said (p. 113): "It is now contended by the learned counsel for appellant that while under the terms of this statute, if there had been the slightest provision for the surviving husband, which provision was renounced by him, the share of the personal estate to which he would be entitled by the law, would be one-third; yet because this will made no provision whatever for him, he may therefore take as his legal share of the estate all of the personal property. This contention is based upon the hypothesis that when the will is thus inoperative to cut off the rights of the surviving husband, the estate is to be treated as intestate, and by the statute of descents the surviving husband would, in the lack of child or descendant of child, take all the personalty." The court then discusses the *Taylor Will* case, *supra,* and held that the husband took but one-third of the estate and not one-half of it. In affirming the judgment of the Appellate Court the Supreme Court said that the contention of the surviving husband was that he took one-half of the estate, being personalty, under paragraph 3, of sec. 1, ch. 39, Rev. St. (Cahill's Ill. St. ch. 39, ¶ 1) which is the act in regard to the descent of property, and which provides that a surviving wife or husband, there being no children or descendants thereof, and the estate being intestate, the whole of the personal estate shall descend to such surviving wife or husband as an absolute estate forever. The court denied this contention and said (p. 628): "We

do not agree with such contention, but are of the opinion, there being a will, the estate was not intestate property, and the effect of failing to provide for the surviving husband merely operated to nullify the will to the extent of the legal rights of the husband, which is here, under section 10 of chapter 41 of the Revised Statutes [Cahill's Ill. St. ch. 41, ¶ 10], the right to take one-third of the personal estate after the payment of debts and costs. Laura J. Laurence, under section 1 of the Statute of Wills, had the right to dispose of her property by will as she saw fit, * * * except by such disposition she could not deprive her surviving husband of the rights conferred upon him by sections 10 and 12 of chapter 41 of the Revised Statutes [Cahill's Ill. St. ch. 41, ¶¶ 10, 12], and she having disposed of her entire estate by will, the Statute of Descent has no application here." In discussing the question of the necessity of a renunciation, the court, continuing, said: "While, here, it was not necessary for the husband to renounce the will as no provision was made for him therein, that fact is not controlling, as a husband for whom provision is made in a will, although only to the extent of a nominal sum, after renunciation should not be held to stand in a more unfavorable position in the eye of the law in regard to the portion of the estate of his deceased wife which he will take on distribution than one for whom provision has not been made in the will of his deceased wife and therefore has nothing to renounce. To hold that the appellant is entitled to the entire estate of his deceased wife after the payment of debts and costs would be to hold that a married woman in this State, when her estate consists solely of personalty,—although it might amount in value to a large sum and she have indigent parents or brothers and sisters dependent upon her,—could not make a will unless she made provision for her surviving husband therein, and upon her death the surviving husband would take her entire estate under the Statute

of Descent, but if she did make provision for him in her will to the extent of one dollar and no more, that then and in that case the will would be binding upon him, and he could only avoid it by successfully contesting it or by renouncing its provisions in his favor, and in the event of his renouncing the will, then he would only take under sections 10 and 12 of chapter 41 of the Revised Statutes. A construction leading to such results should not be adopted unless such appears to have been the plain intent of the legislature." In the *Richardson* case, a provision in the wife's will gave to her husband "whatever interest in my estate he may be entitled to under the laws and statutes of the State of Illinois." And the principal controversy, the court said, was what was the meaning of this provision. In passing on this question the court there said (p. 483): "We think it clear that what the testatrix intended her husband to have was such interest in her estate as he would take under the laws of the State she dying testate as to all her property and making no provision for him by her will. The property to which he would then be entitled would be, first, one-third of her personal property after the payment of debts; (*Laurence v. Balch,* 195 Ill. 626;) second, homestead; third, dower in the remainder of her real estate." In the *Bennett* case the court said (p. 276): "Language similar to that used in the second clause of the will under consideration occurs in a great many wills, and it must be assumed that it was used in this will with knowledge of the law in this State; that while a husband in making a will is not limited (except as to the amount of his property) as to what he may leave his wife, if he makes no provision at all for her, or if he make provisions that are not satisfactory, so that she renounces the provisions of the will in her favor, she will take what the law gives her in case of the intestacy of her husband, namely, one-third of his personal property and dower

in his real estate. (*In re Taylor's Will,* 55 Ill. 252; *Laurence v. Balch,* 195 Ill. 626; *Richardson v. Trubey,* 240 Ill. 476.)''

While the precise question before us was not involved in any of the authorities above cited, the Supreme Court has repeatedly declared that a wife by her will cannot prevent her surviving husband from participating in her estate. In these circumstances it is obvious that the judgment of the circuit court was correct.

Second. Complaint is also made to the judgment of the circuit court decreeing that the surviving husband be paid one-third of the estate in cash when the record discloses that there was a note for $2,000 dated February 23, 1909, and on which no interest had ever been paid. The note was scheduled in the executor's inventory as ''Unsecured, desperate.'' On the other hand, the surviving husband's position is that this note was treated as cash in the executor's final account. We think this is not borne out by the record for it there appears that the executor was turning over to the adult sons a one-half interest to each in the note, and while the point now made appears not to have been brought to the attention of either the probate court or the circuit court because in findings of fact and propositions of law submitted, some of which were held and some refused, no mention was made that this note was treated as cash, yet we think it would be unjust in all the circumstances, for this note forms a considerable part of the property in the hands of the executor for distribution, to permit the surviving husband to be paid in cash when this note may turn out to be of little or no value. For this reason only the judgment of the circuit court will be reversed and the cause remanded with directions to the executor to collect the note, if possible, and then distribute the proceeds of the estate, one-third to the

surviving husband and the remaining two-thirds in accordance with the terms and provisions of the will. Under the circumstances as disclosed by the record we think the executor should be required to pay the costs in this court out of the estate.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions.

*Reversed and remanded with directions.*

Taylor, J., concurs.

Mr. Justice Thomson dissenting: I am unable to concur in the foregoing opinion. None of the decisions of our Supreme Court, referred to, seems to me to be such as should be considered as controlling the issues presented in the case at bar. In the case of *In re Taylor's Will,* 55 Ill. 252, and also in *Richardson v. Trubey,* 240 Ill. 476 and *Bennett v. Bennett,* 282 Ill. 266, the court was considering wills in which the testator put a clause expressly providing that the surviving spouse was to take whatever interest in the estate he or she might be entitled to under the law. In the *Taylor* case the court referred to a provision then in the statute regulating the distribution of intestate estates which provided: "Saving in all cases to the widow of the intestate her third part of the real estate for life, and one-third part of the personal estate." The survivor in that case was the wife. The court also referred to section 10 of the Dower Act (Cahill's Ill. St. ch. 41, ¶ 10), which was substantially as it is now except that it made no reference to a husband's dower, which did not then exist. The court then remarked that these statutes manifested "an eager desire on the part of the lawmakers to provide some support for the wife, in the event of her surviving her husband," so that it had "become a sort of common law in this State, that this support shall be 'in all cases' one-third of the husband's real estate for life and one-third of the personal estate forever," remain-

ing after the payment of debts, unless the husband made some devise or bequests to her by will which she was willing to accept. The court then held that where a husband makes a will but makes no devise or bequest to his wife, his estate, as to her, will be considered intestate. The provision of the law referred to in that case, ''saving in all cases to the widow of the intestate her third part of the real estate for life,' and one-third of the personal estate,'' was not incorporated in the Statute of Descent of 1872 and since then has not been a part of our laws. No such provision providing for a surviving husband was ever a part of our law.

In view of the provisions contained in the will in the *Bennett* case, the court considered the property of the deceased as intestate so far as the surviving spouse was concerned. In the *Richardson* case the court concluded that the testatrix intended her husband to have such interest as he would take under the law, ''she dying testate as to all her property' and making no provision for him by her will.'' The court seems to base its decision on section 10 of the Dower Act following the case of *Laurence v. Balch,* 195 Ill. 626, where the wife died leaving a surviving husband but no children and an estate consisting entirely of personalty. As in the case at bar, she disposed of her entire estate by her will but made no provision for her husband. The ruling in that case awarded the husband one-third of the estate under the provisions of section 10 of the Dower Act, although that section seems to define the rights of a surviving husband or wife *only in cases where the will makes provisions for him or her by some devise or bequest* and it would seem to have nothing to do with a case where *no such provision was made.* In my opinion, that decision cannot be considered as controlling here, for in that case, as is clearly pointed out in the opinion of this court

(98 Ill. App. 111), and in the opinion of the Supreme Court, there was no controversy between the parties but that under the law the surviving husband was entitled to either one-third or the whole of the personal estate. The question of whether, under the language of the will in that case, which was similar to that employed in the will here involved, the surviving husband would take nothing, was not presented to the court at all.

In my opinion, section 10 of the Dower Act can have no application to this case, the will making no devise or bequest to the husband and that section applying only where there is such a devise or bequest. Moreover, the will containing no such explicit expression of intent as was present in the wills involved in the *Taylor* case and the *Laurence* case and the *Bennett* case, the estate cannot be considered as intestate so far as the husband is concerned. Of course, section 1 of the Dower Act (Cahill's Ill. St. ch. 41, ¶ 1) can have no application, as the deceased left nothing but personal property.

There is, therefore, in my opinion, no provision of the law under which a surviving husband may take any portion of the estate of his deceased wife, where it consists solely of personal property and where she leaves a will disposing of her entire estate and neither makes any devise or bequest to him nor provides that he is to take such share as he may be entitled to under the law, but where the will makes no mention of nor reference to him.