VICTORIA CANAVAN, Appellee, *vs.* MARY McNULTY *et al.*— (VARNUM A. PARISH, Exr., Appellant.)

*Opinion filed December 21, 1927—Rehearing denied Feb. 9, 1928.*

1. WILLS—*effect of renunciation under section 12 of the Dower act—partition.* Where a testator leaves no child or descendants thereof and the widow renounces the will and elects to take one-half of all the real and personal estate, as provided by section 12 of the Dower act, her election under the terms of the statute frees one-half of the estate from every incumbrance so far as she and her rights are concerned and bars dower but not homestead, and although the will provides for conversion of all the real estate into personalty, the widow is entitled to partition, as her share is not subject to conversion; but her election does not otherwise affect the will and the remainder of the land is subject to sale under the terms of the will.

2. SAME—*when widow is not estopped to take under section 12 of Dower act.* To estop a widow from renouncing a will and taking under section 12 of the Dower act, the acts alleged to constitute the estoppel must be unequivocally inconsistent with her right

of renunciation and election under the statute, and delay, not beyond a year, in asserting her right cannot have such effect; nor is she estopped by her conduct, where it works no injury to anyone entitled to complain.

3. DOWER—*when section 12 of Dower act applies.* Section 12 of the Dower act is applicable only to cases where the widow, under the Statute of Descent, is entitled to take the estate as an heir and inherit one-half of it.

4. ESTOPPEL—*when estoppel will not arise.* "Estoppels are odious" and will never be established by uncertain or merely suspicious circumstances.

5. PARTITION—*the court will determine right to and amount of owelty.* The fact that the right to owelty and the amount thereof is by a decree for partition committed to the commissioners to make partition and to be by them reported does not render the decree erroneous, as in the final determination of the case, if owelty is allowed by the commissioners and any question arises as to the right to or the amount thereof, the court will determine those questions for itself.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DeSELM, Judge, presiding.

W. R. HUNTER, and EVA L. MINOR, for appellant.

ALEXIS L. GRANGER, and CLAUDE M. GRANGER, for appellee.

Mr. COMMISSIONER CROW reported this opinion:

Victoria Canavan, widow of Thomas Canavan, filed her bill in chancery praying that certain real estate therein described be partitioned, and for other relief. Thomas Canavan died April 29, 1923, leaving a will, which on September 13, 1923, was admitted to probate. Varnum A. Parish by the first clause of the will was ordered and empowered to sell all of testator's real estate and with the proceeds first pay all just debts and funeral expenses and then pay the following bequest: "(*a*) After payment of debts and funeral expenses out of the proceeds of the sale of real estate, I give to my wife, Victoria Canavan, one-

half of the proceeds remaining." The second clause reads: "I give to wife, Victoria Canavan, all my personal estate." By the third clause Parish was appointed executor of the will. The bill avers that Canavan died seized of an estate in fee simple, and unincumbered, of a large number of parcels of land, some described by quarter section and township numbers, others by metes and bounds. Lot 10 in block 43 in Associate's addition to the city of Kankakee was owned by decedent and occupied by him and complainant during his life and at the time of his death, and after his death by complainant as a homestead. He left surviving him no child or children nor descendants of child, but left complainant and persons named in the bill as his only heirs-at-law, being brother, sisters, nieces and nephews.

On September 12, 1924, the widow filed in the office of the county court of Kankakee county her renunciation of the will in writing, as follows:

*"In the matter of the estate of Thomas Canavan, deceased.*

"I, Victoria Canavan, surviving wife of Thomas Canavan, late of the county of Kankakee and State of Illinois, deceased, do hereby renounce and quit all claims to the benefit of the provisions made for me by the last will and testament of said Thomas Canavan, and I do elect to take in lieu thereof, and in lieu of dower in the estate of which the said Thomas Canavan died seized and of any share of the personal estate which I may be entitled to take with such dower absolutely, one-half of all the real and personal estate which shall remain after the payment of all just debts and claims against the estate of the said Thomas Canavan, deceased, pursuant to section twelve (12) of an act entitled 'An act to revise the law in relation to dower,' approved March 4, 1874, in force July 1, 1874.        VICTORIA CANAVAN."

It is averred in the bill that complainant is entitled to a widow's award under the statute but that no appraisement of the property of decedent has been made and that the amount of her award is undetermined, but when determined it should be borne by all the real estate and by the interests of the several parties therein, should no other

assets be available. The interests of the several parties are stated and charged to be subject to the widow's award when allotted and to the claim of one-half thereof of complainant as widow. The bill prays for the appointment of commissioners to make partition and for sale of the premises if partition cannot be made, and for an accounting of the rents and profits of the real estate since the death of the testator.

An answer was filed by the executor, admitting complainant's right to a widow's award and stating that an appraisement bill was filed in the county court in due course of administration of the estate and that a widow's award in the sum of $2500 was awarded to her; that defendant conferred with complainant and her attorney as to the terms of the will and the disposition of property thereunder; that during the months of June and July, 1923, after such conferences, complainant accepted the terms of the will, and with her knowledge and consent certain hay and hogs belonging to the estate were sold for the sum of $546.85, and that defendant turned the proceeds thereof over to the complainant, which she accepted and still retains; that previous to the first day of March, 1924, he consulted with complainant and her attorney with reference to the renting of the land of which the testator died seized, and after such consultations, and in pursuance thereof, on February 26, 1924, he leased said land to George and Zephyr Giroux for the term of three years; that by reason of complainant having accepted the provisions of the will as set forth she is estopped from renouncing its terms and taking under the statute. Defendant denied that the interests are correctly set forth in the bill, but, on the contrary, stated the fact to be that under the law the fee simple title is vested in the heirs-at-law of Canavan, not as owners but as trustees, to be sold and the proceeds divided according to the terms of the will. The answer denied that complainant has any interest in or title to any of the real

estate except the estate of homestead in the property in the city of Kankakee, and that she is not entitled to have partition made of any of said real estate. The only answer of George and Zephyr Giroux as abstracted is, that on the 26th of February, 1924, they leased from Parish the farm land described in the bill for a term of three years, with the knowledge and consent of complainant, and are now in possession thereof.

On the coming in of the answers an amendment to the bill was filed, in which it was averred that George and Zephyr Giroux claimed to have a pretended lease for three years, but if any there be it was made without the knowledge or consent of complainant and that Parish had no authority to execute it; that at the time it was executed complainant had not renounced the will of the deceased nor elected to take under section 12 of the Dower act, and the lease is subject to her statutory right to renounce and elect, and is void under the Statute of Frauds because not authorized in writing by complainant and is no bar to her suit.

The cause was heard by the chancellor upon evidence produced in open court, and a decree was rendered in accordance with the prayer of the bill. To reverse it the executor prosecutes this appeal.

The legal effect of the widow's renunciation of the provisions of the will is presented by the record.

Dower is not a creature of our statute. It is a recognized estate at common law, whence the estate of fee simple, and all other estates in land, are derived. (2 Blackstone's Com. 139.) The first section of the Dower act abolishes the estate of curtesy and declares the surviving husband or wife shall be endowed of the third part of all the lands whereof the deceased consort was seized of an estate of inheritance during the marriage, unless relinquished in legal form. Sections 7, 8 and 9 declare the manner in which dower may be barred by jointure. By section 10 a devise

of land or other provision for the surviving husband or wife shall bar dower unless such survivor shall elect to and does renounce the benefit of such devise or other provision, and in that event he or she shall be entitled to dower. By section 11 anyone entitled to an election under the two preceding sections shall be deemed to have elected to take such jointure, devise or other provision unless within one year after letters testamentary are issued he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise or other provision. Section 12 relates to estates like the present, where the testator leaves no child or children or descendants thereof, and directs that the widow, upon renunciation, may, if she elect, have in lieu of dower in the lands of the deceased husband, whether such right to dower has accrued by renunciation, as provided in the preceding section, or otherwise, and of any share of the personal estate which she may be entitled to take with such dower, absolutely and in her own right one-half of all the real and personal estate remaining after payment of all debts and claims against the estate of her deceased husband. Section 13 prescribes the form of renunciation and election as filed by complainant.

There were no children or descendants of child or children of decedent. No previous conveyances were made by the husband of complainant in derogation of her rights.

The first legal question presented by the record is, What interest did complainant take by virtue of the will and her renunciation of its provisions? The legal effect of her renunciation is fixed by section 12 if she elect to take in lieu of those provisions. Preceding sections allow renunciation of the provisions made for her in the will. If she renounce, only, and does not elect, the law fixes and defines her rights, but, not being the author of the will, the law permits and empowers her to elect—to determine for herself what she will take if the testator leave no child or chil-

dren or descendants thereof. Her renunciation of the provisions of the will and her election to take without regard to it, by the terms of the statute freed one-half of the estate from every incumbrance so far as she and her rights were concerned. Her election fixed her rights and placed her under the protection of the statute enacted for her benefit. It barred dower but not homestead. The homestead right is not denied to her by section 12.

It is true, as contended by appellant, that complainant by her renunciation waiving dower takes as heir. Section 12 is applicable only to cases where the widow, under the Statute of Descent, ·is entitled to take the estate as an heir and inherit one-half of it. Had no will been executed, under the third clause of section 1 of the Statute of Descent she would, after the payment of all debts, take one-half of the real estate and the whole of the personal estate, the other half going as directed in the second clause of the section. (Smith's Stat. 1927, p. 1041.) · In *Gullett* v. *Farley,* 164 Ill. 566, quoting from *In re Taylor's Will,* 55 Ill. 252, it was said: "This court in *Lessley* v. *Lessley,* 44 Ill. 527, in discussing the right of the election of the widow as given her by the Dower act, said that right was based upon the ground that the wife has an interest in the estate of her husband of which he cannot deprive her, by will or otherwise, without her consent." In the *Gullett case* the bill for partition was filed, as in this, by the widow, who had made her election. In *Blankenship* v. *Hall,* 233 Ill. 116, this provision was again before the court. It was then carefully examined in the light of previous decisions. Nothing need be added to what was then said with regard to the effect of the provision in the discussion of it. (Pages 128, 129.)

It is contended that partition will not lie because, as it is said, the lands sought to be partitioned are not held in joint tenancy, tenancy in common or coparcenary. Sec-

tion 1 of the Partition act declares that such lands may be partitioned "whether such right or title is derived by purchase, devise or descent." In *Gullett* v. *Farley, supra,* and in other cases in this court, partition was sought arising out of the same state of facts as in this case, and allowed. In none was the right questioned by counsel on this ground, so far as disclosed by the opinions. In none was any suggestion made by the court that partition would not lie under the circumstances of this case. The principle underlying all decisions is against this contention, and it is not tenable. The condition of the estate involved, as an equitable consideration, requires the allotment to complainant of one-half of the premises. To deny partition would render her statutory right ineffectual. Under the statute the allotment to her is not subject to sale. The remainder of the land is so subject and must be sold under the terms of the will. Therefore, out of legal necessity her rights can be adequately protected only by invoking the equitable jurisdiction to enforce the terms of her election.

It is contended that complainant is estopped to renounce the will. The facts constituting the alleged estoppel are, that complainant consulted with the executor about renting the premises, and that personal property of the decedent was sold, amounting to the sum of $546.85, and that amount delivered by Parish to complainant. She paid some small claims against the estate that were due and pressing and retained the remainder. She had no money or means for her support. Her widow's award was not allowed to her until after she filed her renunciation. The money was not paid to her or accepted by her as part of her distributive share of the sale of the real estate. To work an estoppel the acts alleged to constitute it must be unequivocally inconsistent with her right afterward to renounce the provisions of the will and elect to take under the statute. Mere delay, not beyond a year, in asserting her right would not affect it, because the statute allows that period in which to

determine whether she will assert it. The purpose of allowing her a year within which to determine whether she will accept the provisions of the will or elect to take under the statutory provision made for her is to enable her to determine the condition of the estate and which course would be more advantageous to her. (*Stone* v. *Vandermark,* 146 Ill. 312.) If considered by her more advantageous to renounce upon investigation of the condition of the estate she might renounce. She was the sole judge of the expediency of accepting the consequences of renunciation. There was nothing inconsistent in her renunciation after accepting the small sum derived from the sale of personal property. Nothing is alleged or shown to have been said by her or the executor at the time of the delivery of the money, or before, that can be construed as an estoppel. Under these circumstances no estoppel can be imputed. The fact that the executor consulted her about renting the premises pending the period in which she might determine to elect is equally inconclusive. That consultation was not on her motion or volition, but, as the evidence shows, was initiated by the executor. If he wished to consult her about it, his desire and act in that respect cannot, under the strict doctrine of estoppel, be imputed to her as a waiver of her rights under the will. "Estoppels are odious" and will never be established by uncertain or merely suspicious circumstances. As abstracted, the evidence in support of it is totally insufficient to establish it. The alleged conduct injured no one entitled to complain and therefore did not estop her. *Ward* v. *Ward,* 134 Ill. 417; *Schaffenacker* v. *Beil,* 320 id. 31.

In the brief of appellant it is said, if by complainant's renunciation and election she restored one-half of the property to its former state the other half remains personalty, and she is not a tenant in common with any party to this suit, citing *Marvin* v. *Ledwith,* 111 Ill. 144, and *McMurphy* v. *Boyles,* 49 id. 110. In the *Marvin case* it is said: "The

bill in this case is framed on the theory the lands of which Robert Franey died seized became intestate property on the filing of the renunciation of the benefit of his will by his widow, as was done, under the provisions of the statute, and that in consequence of such renunciation his widow would take one-half of the real estate absolutely and the other half would go to his heirs-at-law, of whom complainant Mary Brown alone sustained that relation to the testator. If this view is sustained it would exclude the devisee in the will from any interest whatever in the lands involved in this litigation." Discussing further the legal effect of the interpretation contended for, it is said (p. 151) : "But the whole bill rests upon a mistaken theory. It is, that after the widow renounced the benefit of the will the estate devised was intestate property. Such is not the law. It is still testate property, and the statute has provided for equalizing bequests and legacies in cases where the widow renounces the will. That is a legislative construction of the statute, under which the will may stand. This is not a new question in this court." The case of *McMurphy* v. *Boyles, supra,* is then discussed in support of the conclusion that notwithstanding the widow "declined the provisions of the will of her husband made for her benefit, his will must stand. The effect may be, and doubtless is, that the quantity of the estate devised may be lessened, but that does not prevent the remainder from passing to the devisee. It is still testate property, and is not subject to distribution among the heirs of the decedent, as is intestate property."

The above decisions, in principle, are ample authority for the integrity of the will in this case. If appellant's theory is sound he has no place in this case and all devises must fail and the estate go to those, only, designated by the Statute of Descent. Indeed, to support the election of complainant the supposed consequences of election relate to and are in furtherance of its integrity. The statute

authorizes the making of wills, designates those who may make them, and their legal effect. If it should be decided that an election to renounce, as authorized by the law-making power, destroys the will and restores all property of the testator to the operation of the Statute of Descent, an absurdity would be imputed to that power. The course of judicial decision under the circumstances of the present case is, that the widow may renounce the provisions of the will and take such interest as the statute allows in lieu of those provisions, because she occupies a unique position protected by positive law. *Blankenship* v. *Hall, supra.*

Other points as grounds for reversal of the decree are in the brief of appellant, but those noticed are the only points going to the rights of the parties and deemed essential to be now determined.

The right to owelty, and the amount of it, is by the decree for partition committed to the commissioners to make partition and to be by them reported. An exception to this part of the decree is embraced in the assignment of errors but not argued. For that reason it may be regarded as abandoned, under the rules of this court. But it is assumed by the court that in the final determination of this feature of the case, if owelty shall be allowed by the commissioners and there shall be any controversy with regard to it, either as to the right to owelty under the partition made or the amount of it as reported by the commissioners, the court will determine those questions for itself. *Stortz* v. *Ruttiger,* 249 Ill. 494, and cases cited.

No error appearing, the decree of the circuit court will be affirmed.

Per CURIAM : The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*